## ALFRED I. HARTSHORN

### *v.*

### MICHAEL BYRNE.

*Filed at Ottawa October 26, 1893.*

1. EVIDENCE—*cross-examination.* As a general rule, a party has no right to cross-examine a witness except as to facts and circumstances connected with the matters stated in his direct examination. But every refusal of a cross-question will not amount to reversible error.

2. SAME—*to show who furnished lumber for a house.* Where there is a dispute whether lumber furnished for the erection of a house was furnished to the owner of the house or to his contractor, the fact that the latter carried away the lumber not used in the building may be a slight circumstance tending to show that the contractor furnished the lumber for the house.

3. If the defendant agrees with the plaintiff to pay him for the lumber ordered by the contractor, the fact that the defendant permits the

contractor to carry off a part of the lumber will not deprive the plaintiff of his rights under the agreement.

4. SAME—*order for money—explaining by parol evidence.* Where a contractor for the building of a house gives a written order on the owner of the building to pay a party furnishing lumber therefor a certain amount in full for lumber to the date thereof, it is proper to show the facts and circumstances under which the order was given, as, that it represents lumber charged on the books of the payee to the drawer.

5. In an action by the plaintiff, against the defendant, for a bill of lumber ordered by the contractor of the defendant, to be used in the building of a house, in which the plaintiff contended that the lumber was furnished on the credit of the defendant, and the latter insisted that it was furnished by the contractor, it appeared that defendant inquired of the contractor what amount of lumber had been procured of the plaintiff, and the contractor examined plaintiff's books and found the amount to be $1503.67, when he signed an order in favor of plaintiff for that sum on the defendant, "in full for lumber to date." On the trial, the plaintiff, after giving the order in evidence, called his bookkeeper, and proved by him, against the defendant's objection, that the order was given for lumber charged to the defendant, and that it represented lumber charged to the defendant up to its date: *Held,* no error in the admission of the testimony of the book-keeper.

6. SAME—*weight of the evidence—question for the jury.* In an action against a defendant on a bill for lumber used in the erection of his house by a contractor, an order given by the latter to the plaintiff, on the defendant, is competent evidence on the question whether the contractor or the defendant bought the lumber. But it is not the province of the court to direct the jury that such order is *prima facie* evidence of any fact, and it would be error to do so.

7. CONTRACT—*for sale of lumber—use of lumber by a third party as a defense.* If the defendant agrees to pay for lumber furnished for building his house, on the order of the builder, who, after the lumber is delivered, appropriates a part of it to his own use, that will be a matter resting between the builder and the defendant, for which the plaintiff is not responsible.

8. INTEREST—*on liquidated account.* Interest may be recovered on liquidated accounts, and if the jury find that an account has been settled and liquidated on a certain date, they may allow interest from such date on the sum found to be due.

9. SET-OFF—*as to horse sold by defendant to plaintiff.* Where there is a controversy whether a horse sold by the defendant to the plaintiff was to be taken at a definite price, or what the animal would bring or was worth, an instruction directing the jury that they might give the defendant credit for the value of the horse will not be erroneous. On

the other side, it is proper to instruct the jury that if they believe, from the evidence, that the defendant sold the horse for a certain sum, and plaintiff agreed to pay that price, then they should allow the defendant the amount agreed upon.

10. INSTRUCTION—*need not refer to evidence on the other side.* In an action for the price of lumber, the court instructed the jury, that if they believed, from the evidence, that plaintiff and defendant entered into an agreement, under which the former agreed to furnish lumber on the order of C, to be used in erecting a building for the defendant, and that defendant agreed to pay for the same, and that in pursuance of such agreement plaintiff furnished lumber, then the plaintiff was entitled to recover, it was held proper, and that it was not erroneous in not referring to an order given by C to the plaintiff, on the defendant, for the price of the lumber, that being evidence in favor of the defendant.

11. SAME—*singling out certain facts.* An instruction is objectionable which singles out one fact in the case and prominently calls the attention of the jury to it. So is one which leaves the jury at liberty to reject the testimony of any witness if it does not happen to harmonize with their common observation and experience.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. G. S. & E. ELDRIDGE, for the appellant.

Messrs. O'CONNOR, DUNCAN & ECKELS, and Mr. HENRY MAYO, for the appellee.

Per CURIAM: This was an action of assumpsit, brought by Michael Byrne, against Alfred I. Hartshorn, to recover for a bill of lumber which was furnished by the plaintiff and used by the defendant, in 1882, in the erection of a house. It is conceded that the plaintiff furnished the lumber and that it was used in building defendant's house, but the controversy between the parties is in regard to the person who should pay for the lumber. On the part of plaintiff it is insisted that the defendant agreed to pay for the lumber, while, on the other hand, the defendant claims that the lumber was purchased by

D. A. Tomb, who had the contract for building the house, and that he was to pay the plaintiff, and that he, defendant, had nothing to do with the purchase of the lumber or its payment. On the controverted question of fact the evidence introduced on the trial was very conflicting, but the jury brought in a verdict in favor of the plaintiff, and the court rendered judgment on the verdict, and that judgment was affirmed in the Appellate Court.

Counsel for the appellant have filed an elaborate argument, in which they urge, with much earnestness, various grounds for a reversal of the judgment. It appeared on the trial that on the 8th day of September, 1888, the defendant and D. A. Tomb, a builder, entered into a written contract, under which Tomb contracted to furnish all the material and erect the defendant's house. The plaintiff called Tomb as a witness, and proved by him that he was working on defendant's house before he took the contract; that he had ordered lumber from plaintiff for the house prior to the date of the contract. The witness also testified, that in the month of September, 1882, he examined the account for lumber, ascertained the amount due, and gave an order to plaintiff, on defendant, for the amount,—$1503.67. On cross-examination counsel for the defendant asked the witness a number of questions which did not relate directly to the matter called out in the examination in chief, and the court held that the examination was not proper, and this decision is relied upon as error. As a general rule, a party has no right to cross-examine a witness except as to facts and circumstances connected with the matters stated in his direct examination. (1 Greenleaf, sec. 445.) We are inclined to the opinion that some of the questions propounded to the witness might properly have been answered, but at the same time we find no error of such magnitude in the ruling of the court as would authorize a reversal of the judgment.

It is also claimed that the court erred in refusing to allow the witness Keys to testify, on cross-examination, that Tomb carried away the pieces of lumber not used in the house. That may have been a slight circumstance tending to show that Tomb furnished the lumber for the house, but at the same time the main question for the jury was, whether the defendant had agreed with the plaintiff to pay for the lumber, and if he had, the fact that defendant permitted Tomb to carry off a part of the lumber could not deprive the plaintiff of his rights under the agreement.

On the 8th day of September, 1882, Tomb gave to plaintiff's book-keeper the following order:

"$1503.67.                    LASALLE, *Sept. 8, 1882.*

"Mr. A. I. Hartshorn, please pay M. Byrne fifteen hundred and three and 67-100 dollars, am't in full for lumber to date.

                                 D. A. TOMB."

On the trial, after the order had been read in evidence by the plaintiff, he called his book-keeper, Coughlin, and, against defendant's objection, the witness testified that "the order was given for lumber charged to the defendant, and it represented lumber charged to Hartshorn up to that date." It is insisted in the argument that the order is a "commercial instrument, —that it has a fixed and definite meaning, which can not be explained by parol evidence." It appears, before this order was given the defendant had inquired of Tomb what amount of lumber had been procured from the plaintiff, and Tomb had agreed to ascertain the amount. In pursuance of this promise he examined the books of the plaintiff, and found the amount to be $1503.67, and then the order was written and signed. The rule is well understood that a written contract can not be varied or changed by parol evidence; but the question is, whether that rule has any application to the present inquiry. Here the plaintiff relied upon an agreement made with the defendant long before the order was given, to the

effect that defendant would pay for lumber furnished for his house, on the order of Tomb. On the other hand, the defendant insisted that Tomb was to furnish the lumber and erect his house for a certain sum of money, and he had nothing to do with the purchase of the lumber. This order was evidence tending to establish the defendant's theory, but it is not a contract between the two contending parties, nor was it relied upon by plaintiff or defendant as the contract which determined the right of either to recover. It was given to the defendant by a third party, and we think it was proper to show the facts and circumstances under which it was given. If the order represented lumber which was charged on the books of the plaintiff to the defendant, we see no reason why that might not be proved, as was done. The question before the jury was, whether the plaintiff had given credit to the defendant or to the contractor, Tomb, and while the order was evidence tending to establish that credit was given to Tomb, the weight which should be given to the order was a question for the jury.

Other questions in regard to the ruling of the court on evidence have been raised, but we do not regard them of sufficient importance to merit a discussion.

It is next claimed that the court erred in giving instructions for plaintiff. The first instruction merely directed the jury, if they believed, from the evidence, that plaintiff and defendant entered into an agreement, under which plaintiff agreed to furnish lumber on the order of D. A. Tomb, to be used in erecting a building for the defendant, and defendant agreed with plaintiff to pay him for the lumber, and that in pursuance of such agreement plaintiff furnished lumber, then plaintiff would be entitled to recover. It is said this is erroneous, in view of the order introduced in evidence. We do not so regard the instruction. The instruction announced a simple and plain proposition of law, and it was authorized by the evidence. We do not think it was necessary to allude to the order in it.

It is objected to the second instruction, that under it a recovery might be had, although all of the lumber the plaintiff furnished may not have been used by the contractor in the defendant's building. If the defendant agreed to pay for the lumber furnished for building the house, on the order of the builder, and the builder, after the lumber was delivered, appropriated a part of it to his own use, that was a matter resting between the builder and the defendant, for which the plaintiff was not responsible.

The objection urged against the third instruction is the same made to the first.

The fifth instruction is claimed to be erroneous upon the ground that under it the jury were authorized to allow interest. The instruction simply announced the well known rule that interest might be recovered on liquidated accounts, and if they found the account was settled and liquidated on a certain date, interest might be allowed from such date. We perceive no objection to the instruction.

Objection is made to the sixth instruction, because it directed the jury that they might give defendant credit for the value of a horse sold by defendant to plaintiff. As we understand the record there was a controversy between the parties whether the horse should be taken at a definite price or what the animal would bring or was worth, and under the evidence we think the instruction was proper.

The defendant requested the court to give seventeen instructions. The court gave one, fifteen and seventeen as asked, modified eight and ten, and gave them as modified, and refused the remainder, and the refusal of the instructions is assigned as error.

The principal question involved in this case was one of fact. But few instructions were required to enable the jury to arrive at a correct verdict. Instruction No. 8, as modified and given, was as follows:

"The jury are instructed, that if they find, from the evidence in this case, that D. A. Tomb had contracted with defendant, Hartshorn, to build a house for him, and to furnish all the materials therefor, including the lumber, and that Tomb gave the order introduced in evidence, on the defendant, Hartshorn, payable to Byrne, after the purchase of the lumber involved in this suit, and that such lumber was purchased of the plaintiff by Tomb, and not by the defendant, and that defendant did not agree to pay for the same, then he, and not the defendant, Hartshorn, is liable therefor, and that they should find for the defendant."

No. 10, as given, directed the jury, that if they found, from the evidence, that defendant sold plaintiff a horse for a certain sum, and plaintiff agreed to pay that amount, then they should allow the amount agreed upon. These two instructions covered the ground so fully on behalf of defendant that no others seem to be required.

The refused instructions, from two to eight, inclusive, related to the order given by Tomb to the plaintiff, on the defendant. We have given these instructions a careful examination, and we are not prepared to hold that the court erred in refusing any of them. It will serve no useful purpose to go over these instructions in their order and point out their defects. We will content ourselves by referring to No. 5. It reads as follows :

"The jury are instructed that the order introduced in evidence, drawn by D. A. Tomb on the defendant, Hartshorn, and payable to the plaintiff, for the sum of $1503.67, and presented to the defendant, Hartshorn, for payment, as testified to by the witness Coughlin, establishes, *prima facie*, the fact that Tomb, and not the defendant, Hartshorn, was originally liable for the payment for the lumber mentioned in the order, and such presumption must prevail, and a verdict must be rendered for the defendant, unless it has been overthrown.

or overcome by a preponderance of the evidence introduced on the part of the plaintiff;" etc.

While the order was competent evidence for the consideration of the jury in passing on the controversy between the parties, it was not the province of the court to direct them that the order was *prima facie* evidence of any fact, and it would have been error if the court had done so. What weight should be given to the order was a question for the jury, considering it in connection with all the other evidence.

Refused instruction No. 9 is objectionable, on the ground that one fact in the case is singled out and the attention of the jury prominently called to that fact.

Under Nos. 11 and 12, if they had been given, the jury would have been at liberty to reject the testimony of any witness if it did not happen to harmonize with the common observation and experience of the jury. We are aware of no authority sustaining a rule of that character. No. 13 is liable to the same objection.

No. 14 in substance directed the jury that the order was competent evidence, to be considered in connection with the other evidence in the case, and we perceive no special objection to it. But the order had been introduced in evidence, and there was no question but it was competent evidence, and the failure of the court to so direct the jury could do no harm.

As to No. 16, its substance was given to the jury in No. 8, and nothing could be gained by a repetition of the same principle in different words.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*