452    APPELLATE COURT OF INDIANA,

Terre Haute, etc., Traction Co. *v.* Frischman—57 Ind. App. 452.

## Terre Haute, Indianapolis and Eastern Traction Company *v.* Frischman, Administrator.

[No. 8,475.    Filed December 23, 1914.]

1. Negligence.—*Contributory Negligence.—Burden of Proof.—Instructions.*—An instruction in an action for the death of one thrown from a street car, stating that on proof of the material averments of the complaint by a fair preponderance of the evidence plaintiff would be entitled to recover, "provided it is not established by a preponderance of all the evidence in the cause, by the defendant, that the plaintiff's decedent was guilty of negligence on her part, which proximately contributed to the accident and her death", was not objectionable as telling the jury that contributory negligence must be established by evidence produced by defendant. p. 454.

2. Negligence.—*Contributory Negligence.—Burden of Proof.*—The defendant has the burden of establishing contributory negligence, but such burden is accomplished if it appears from all the evidence, produced either by plaintiff or defendant, that contributory negligence existed. p. 454.

3. Appeal.—*Review.—Instructions.—Failure to Request.*—An instruction, though defective in the arrangement of its phrases, is not cause for reversal where it is apparent that it was subject to no misconstruction in its meaning, and especially in the absence of the tender by the complaining party of an instruction covering the subject more fully. p. 454.

4. Carriers.—*Injuries to Passengers.—Duties of Street Car Employes.—Instructions.*—In an action for the death of a passenger who was caused to fall by the sudden starting of defendant's car, an instruction merely defining the general duty of a street car company and its servants in charge of its cars to its passengers, was not objectionable, even though the complaint charged negligence only on the part of the motorman. p. 455.

5. Carriers.—*Street Railroads.—Injuries to Passengers.—Negligence.—Instructions.*—In an action for the death of a passenger thrown from a street car, where the gist of the negligence charged was the sudden starting of the car, an instruction stating generally the duties of a street car company, and that if it was found that the car was caused to slow down as it approached the usual stopping place on signal from decedent that she desired to alight, that decedent arose preparatory to alighting, believing that the car was about to stop, that the motorman and conductor in the exercise of the highest degree of care for the safety of the passengers could have ascertained and known that to start the car

NOVEMBER TERM, 1914. 453

Terre Haute, etc., Traction Co. *v.* Frischman—57 Ind. App. 452.

suddenly without notice or warning would endanger the life or limb of decedent, and that said servants failed to exercise such care, etc., was not such as to cause the jury to believe that some charge of negligence against the conductor was relied on by plaintiff, or that any specific negligence on his part would permit a recovery, or that it must appear that he was free from fault to release defendant, so that even if the instruction was not strictly accurate it was harmless, especially in view of all the instructions given. pp. 455, 457.

6. APPEAL.—*Review.—Instructions.—Invited Error.*—Appellant can not complain of error embraced in an instruction, where it is apparent from instructions tendered by it that the error was invited. p. 456.

7. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*— In an action for the wrongful death of plaintiff's decedent, error, if any, in permitting plaintiff to testify as to the extent of his family, was harmless, where the objection was upon the ground that such testimony might influence the amount of damages, and there is no contention by appellant that the damages are excessive. p. 457.

8. EVIDENCE.—*Admissibility.—Qualification of Witnesses.*—It is proper to ask a witness questions as to his age and occupation, as to whether he is a man of family, or otherwise, and as to whether he is related to the parties, or has any pecuniary interest in the litigation, so that the jury may know something of his qualifications as a witness. p. 457.

From Clay Circuit Court; *John M. Rawley,* Judge.

Action by George Frischman, administrator of the estate of Mary Frischman, deceased, against the Terre Haute, Indianapolis and Eastern Traction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*A. W. Knight* and *McNutt, Wallace & Sanders,* for appellant.

*C. G. Scofield* and *S. M. McGregor,* for appellee.

IBACH, J.—In this action appellee as administrator recovered $3,000 as damages for the death of his daughter, caused by the negligence of appellant in suddenly jerking a summer car in the city of Terre Haute on which she was a passenger, throwing her out and causing her death.

Error is argued in failing to grant appellant's motion

454    APPELLATE COURT OF INDIANA,

Terre Haute, etc., Traction Co. v. Frischman—57 Ind. App. 452.

for a new trial, and it is insisted that the court erred in giving to the jury instructions Nos. 2, 3 and 5, and in admitting certain testimony of appellee. By instruction No. 2 the jury was told that if the "plaintiff established by a fair preponderance of the evidence, the truth of all the material averments of the complaint, then the plaintiff would be entitled to recover in this action, provided it is not established by a preponderance of all the evidence in the cause, by the defendant, that the plaintiff's decedent was guilty of negligence on her part, which proximately contributed to the accident and her death." It is objected that this instruction tells the jury that contributory negligence must be established by evidence produced by the defendant. We do not think it subject to this objection. The instruction is to be understood, we think, as stating that contributory negligence must be established by the defendant by a preponderance of all the evidence in the cause. This is not an incorrect statement of the law, since the burden is on defendant to establish contributory negligence, but this burden is accomplished if it appears from all the evidence, produced either by plaintiff or defendant, that contributory negligence existed. The instruction is, perhaps, faulty in the arrangement of its phrases, but not, we think, subject to misconstruction in its meaning. It does not fall within the rule applied in cases such as *Pittsburgh, etc., R. Co.* v. *Reed* (1905), 36 Ind. App. 67, 75 N. E. 50. By other instructions the jury was told, in language which was even more favorable to appellant than the issues would warrant, that appellee could not recover if his decedent was guilty of contributory negligence in the slightest degree, or was guilty of the slightest material negligence in leaving the car. If appellant desired an instruction which would state more fully that contributory negligence may be inferred from any evidence in the case which tends to show it, wheth-

er produced by defendant or by plaintiff, it should have prepared one.

It is objected that instructions Nos. 3 and 5 are erroneous and present a theory of recovery not in issue, namely, that negligence on the part of the conductor would justify a recovery, whereas the complaint charged solely negligence on the part of the motorman. Instruction No. 3 is merely a general instruction defining the general duty of a street car company and its servants in charge of its cars, to its passengers, and is in no wise objectionable.

Instruction No. 5 opens with a general statement as to the duties of a street car company, then continues: "So in this case, if you find that the plaintiff's decedent was a passenger on defendant's car, and that as it was approaching 14th Street, she gave a signal to stop the car at said 14th Street, which was a usual stopping place for said car, upon signal being given, and that immediately after signal was given, the servants of the defendant in charge of the car caused it to slow down, as it neared the usual stopping place at said point, and that while it was so slowing down the said decedent arose from her seat and stood upon the floor of the car, preparing to alight when the car should come to a stop; and you further find that when the car was running slowly the said decedent was induced to, and did believe under the circumstances that the car was about to stop and thereupon she was preparing to alight, and you further find that the conductor and motorman in charge of the car, in the exercise of the highest degree of care for the safety of the passengers on the car could have ascertained and known that to suddenly start the car forward in motion unexpectedly, and without notice and warning, would endanger the life or limb of said decedent, who was so occupying her position on the car with a view to alighting; and you further find that the said servants failed and neglected to exercise such care, but on the contrary,

without so doing, suddenly and without warning, applied the power to said car, causing it to move forward with a jerk, while the decedent was about to alight from the car at the time, and thereby threw her violently to the street and killed her, then I instruct'', etc.

It is charged in the complaint that decedent rang the bell to notify the conductor and motorman that she desired to alight at 14th Street and to stop said car at said point; that immediately thereafter the car slowed down as it approached the said crossing, and decedent believing that the car was slowing down to stop at said point, arose from her seat so as to be ready to alight, and was standing in the car at the side thereof, ''when the car reached the said point it had almost come to a stop, and that while so standing preparing to alight, the said motorman, without giving any notice or warning, then and there carelessly and negligently so applied the power to the car as to cause it to move forward with a sudden and violent jerk,'' by reason of which decedent was thrown out. The gist of the charge was the sudden starting of the car without warning, and this was appellant's negligence, whether occasioned by its motorman, or its motorman and conductor, jointly. *Louisville, etc., Traction Co.* v. *Korbe* (1911), 175 Ind. 450, 455, 93 N. E. 5, 94 N. E. 768. Furthermore, we do not believe that the language used by the court, while referring to the conductor in this connection, is such that it can be said that the jury would gather therefrom that some charge of negligence against the conductor was relied on by the plaintiff, or that any specific negligence on his part would permit a recovery, or that it must appear that he was free from fault to release appellant, so that if it may be said that the instruction was not strictly accurate, it was at least harmless.

Appellant itself in its instructions referred to ''defendant's conductor and motorman'' and in one stated 6. that plaintiff could not recover unless it appeared that her fall was ''proximately brought about through

the negligence of defendant's servants, in charge of the car, in causing the car at the time to be suddenly jerked, as set forth in the complaint,'' hence invited the instruction and can not complain, and both parties tried the case on the theory of the instruction.

Moreover, by instructions given at the request of appellant and upon the court's own motion the jury was many times told that in order to find for plaintiff it must find that decedent was injured in the precise manner set up in the complaint, only upon proof of the specific negligence there set out, and that if injured in any other way or under any circumstances other than so averred, plaintiff could not recover; and the court told the jury that the specific negligence averred was that the motorman carelessly and negligently applied the power to the car so as to cause it to start with a sudden jerk. In view of these reiterated statements in the other instructions, and taking all the instructions as a whole, we feel that there was no error in giving instruction No. 5.

Appellee on direct examination was asked, ''How much of a family have you?'' Appellant objected that the question was not within the issues, and the evidence sought to be elicited did not tend to establish or sustain any issue of the complaint. This objection was overruled and appellee answered ''Five children, me and my wife and my daughter's two children.''

It is customary and proper to ask a witness some questions as to his age, his occupation, whether married or single, whether a family man, whether he is related to the parties, whether he has a pecuniary interest in the litigation in order that the jury may know something of his qualifications as a witness. Appellee individually was not a party to whom damages could be awarded, and we do not think this evidence would influence the jury in awarding damages. However, the only claim is that this evidence might have influenced the amount of damages, and as appellant is not

making the objection that the amount of damages is excessive, the evidence was not harmful. *Peabody-Alwert Coal Co.* v. *Yandell* (1913), 179 Ind. 222, 100 N. E. 758.

The judgment is affirmed.

NOTE.—Reported in 107 N. E. 296. As to rights and duties of passengers alighting from trains see 50 Am. Rep. 277. As to when passengers are guilty of contributory negligence by not remaining in their seats, see 58 Am. Rep. 113. As to the burden of proof as to contributory negligence, see 33 L. R. A. (N. S.) 1085. See, also, under (1) 6 Cyc. 1913 Ann. 632-new; 29 Cyc. 644; (2) 29 Cyc. 601, 605; (3) 38 Cyc. 1599, 1608; (4, 5) 6 Cyc. 1913 Ann. 632-new; (6) 38 Cyc. 1788; (7) 38 Cyc. 1438; (8) 40 Cyc. 2583, 2584, 2657, 2658.