### Granite City Lime & Cement Company, Appellee, v. Board of Education of School District No. 126, etc., J. R. Beale, H. S. Mettlen and Ellis Mettlen, partners, trading as H. S. Mettlen & Company. J. R. Beale, Appellant.

1. FRAUDS, STATUTE OF, § 17*—*when undertaking of contractor to pay material man is original.* Where a contractor before delivery of materials for a school building promises the material man to pay for them, and upon such promise they are delivered to the subcontractor ordering the same, such undertaking of the contractor is original and not within the Statute of Frauds (J. & A. ¶ 5867).

2. MECHANICS' LIENS, § 79*—*who protected under lien statute as to public improvements.* The lien statute as to public improvements (J. & A. ¶ 7161) does not require that the materials should be furnished on the contract of the principal, but applies to any person who may furnish material or labor to any contractor for any public improvement.

3. MECHANICS' LIENS, § 79*—*when contractor is liable to material man on contract to pay for materials furnished to subcontractor.* Where a contractor promises a material man furnishing materials to a subcontractor for a school building to pay for the same, he is not

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to be deprived of a lien by the mere fact that the material man recognizes the subcontractor and charges the goods to him.

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

T. T. HINDE, for appellant.

TERRY, GUELTIG & POWELL, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

A decree was rendered in favor of the complainant against the defendants in the Circuit Court of Madison county, to reverse which the defendant J. R. Beale prosecutes this appeal.

It appears from the record in this case that on May 2, 1913, J. R. Beale entered into a contract with the Board of Education of School District No. 126 Union, Township 3, Ranges 9 and 10, for the erection and completion of a high school building. That thereafter J. R. Beale entered into a subcontract with the defendants H. S. Mettlen & Company to furnish the building material and do the brickwork upon said building for an expressed consideration of $10,500, to be paid for as the work progressed, and payments were to be based upon the estimates of the architect and be made to the amount of eighty-five per cent. of such estimates. At the time that Mettlen & Company were endeavoring to secure this subcontract, they obtained prices of building material from the appellee upon which prices it appears that their bid was partly based. After Mettlen & Company had been awarded the subcontract for doing the brickwork, they then placed an order with the appellees for the necessary brick and other building materials, and in this order was included the prices theretofore quoted by appel-

lees to them. At the time of the making of the contract between Beale and Mettlen & Company, it was agreed that Mettlen & Company should give to Beale a bond, the exact nature and condition of this bond does not appear from the evidence, but Mettlen & Company were unable to give the bond and were unable to prosecute the work upon the payment of eighty-five per cent. of the estimated prices; that they would require more money than that per cent. would bring to them. Thereupon an arrangement was made between Beale and Mettlen & Company that Beale was to take care of all bills for material furnished and put in the building and would give a check upon Saturday for the amount of labor performed during that week. Beale denies that he undertook absolutely to pay all bills, but says that he had an understanding with Mettlen that he would pay the men for their labor and would pay for materials upon orders from Mettlen & Company out of what was due them. As the building progressed, payments were made by Beale to the men for their labor and sums were paid upon the building material furnished from time to time, upon the order of Mettlen & Company. When the building was completed there was a balance due appellee of $1,212.05 for materials furnished and used in the erection of this building. It also appears from the testimony of appellees' witnesses that after Mettlen & Company had placed their order with appellees and before any of the building material had been delivered, that the appellees learned that Mettlen & Company had failed to give a bond, as they had agreed to do, and thereupon Mettlen & Company called upon Beale, and, as appellees claim, asked him what protection he would have if they would quit before the building was completed, or the material men would refuse to deliver the material, and he said he would see that the material used was paid for and that he was

taking no chances. This is denied by Beale. It further appears that the McEwing & Thomas Clay Products Company furnished building material upon the promise of J. R. Beale to pay for them and that he did from time to time make payments by check upon orders given by Mettlen & Company, and that there is a balance due this corporation of $225.79. Beale denies he made any such an agreement with the McEwing & Thomas Clay Products Company as contended for.

The bill alleges J. R. Beale entered into a contract with the board of education to erect said high school building and that he authorized and employed H. S. Mettlen & Company to do the brickwork and to order the material, and made payments thereon from time to time at the request of Mettlen & Company but that there was a balance due appellees of $1,212.05, which remains unpaid. The bill also alleges that notices were given as required by the statute for the enforcement of liens.

It is contended by counsel for appellant that the appellee was a subcontractor and as such no right of lien existed in its favor under the statute, and maintains that appellee did not furnish materials to the contractor within the meaning of the statute, and that they could have no lien. The statute referred to (J. & A. ¶ 7161) is as follows: "Any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor for a public improvement in this State shall have a lien on the money, bonds or warrants due or to become due such contractor for such improvement: *Provided,* such person shall, before payment or delivery thereof is made to such contractor, notify the officials of the State, county, township, city or municipality, whose duty it is to pay such contractor of his claim by a written notice."

The cause was referred to the master to take testi-

138    APPELLATE COURTS OF ILLINOIS.

Granite City L. & C. Co. v. Bd. of Edu., S. D. No. 126, 203 Ill. App. 134.

mony and report conclusions, which was done, and the master recommended that a decree be entered in favor of the appellee and the McEwing & Thomas Clay Products Company for the amounts due them respectively. Exceptions were taken to this report and argued before the court, but the report was sustained and a decree rendered accordingly. It also appears from the evidence that the amount of $1,212.05 remains unpaid and in the hands of the board of education.

The claim of appellee is based upon the fact that before he furnished the materials to Mettlen & Company that Beale agreed with them that he would pay for the materials furnished. This is denied by Beale, but it is testified to by the witnesses A. W. Eisenmeyer, Jr. and A. W. Eisenmeyer, Sr., Louis Buenger and E. C. Mettlen. It appears to us that the chancellor was warranted in finding that Beale did agree before the material was delivered to pay for it and that the material was thereafter furnished and used in the building upon the strength of the promises of Beale. It is insisted by counsel for appellant that even if Beale did promise to pay for the building materials furnished and placed in the building that such promise was within the Statute of Frauds and could not under any consideration be construed as an obligation of Beale's. If before the delivery of the materials the appellant promised the appellee to pay for such materials, and upon the strength of this promise the materials were delivered to Mettlen & Company, then the undertaking of the appellant was original and appellant was liable upon such original promise. *Lusk v. Throop,* 189 Ill. 127. "But, where the defendant promises the plaintiff to pay for goods, which the plaintiff may thereafter deliver to a third person, and which, at the time of the promise, have not been delivered, no debt exists from such third person to the plaintiff, and, hence, the promise of the defendant to pay is an origi-

nal undertaking, and not merely a promise to pay the debt of another." *Lusk v. Throop, supra.* In a determination of a question similar to this one, the Supreme Court has said: "It is next claimed that the court erred in giving instructions for plaintiff. The first instruction merely directed the jury, if they believed from the evidence that plaintiff and defendant entered into an agreement under which plaintiff agreed to furnish lumber on the order of D. A. Tomb, to be used in erecting a building for the defendant, and defendant agreed with plaintiff to pay him for the lumber, and that in pursuance of such agreement plaintiff furnished lumber, then plaintiff would be entitled to recover. It is said this is erroneous, in view of the order introduced in evidence. We do not so regard the instruction. The instruction announced a simple and plain proposition of law, and it was authorized by the evidence." *Hartshorn v. Byrne,* 147 Ill. 418. If the appellant made the promise testified to by the witnesses for appellee which we think the court was justified in finding he did, then the promise of appellant to pay for the materials was not a collateral one but an original one and the Statute of Frauds would have no application. It is said by counsel for appellant that even conceding that the promise was made by appellant, as claimed by appellee, that this would not create a lien in favor of the appellee but would only make the appellant liable in an action of assumpsit, and calls attention to the fact that many of the authorities referred to by counsel for appellee are actions of assumpsit and can have no bearing in this case. It appears to us that the appellant was interested in having the building completed according to his terms of the contract with the board of education and that when Mettlen & Company were unable to proceed with their contract for the reason that they could not make the payments required upon eighty-five per cent. of the

140    APPELLATE COURTS OF ILLINOIS.

Granite City L. & C. Co. v. Bd. of Edu., S. D. No. 126, 203 Ill. App. 134.

estimates, and were unable to give bond, and appellant at that point agreed to pay for the materials furnished, that it was to say the least of it, an implied request upon his part to furnish such materials as might be ordered by Mettlen & Company, and were needed in the carrying out of his contract. The section of the statute referred to does not require that the material shall be furnished upon the contract of the principal but applies to any person who may furnish material or labor to any contractor for any public improvement, and it seems to us that if we should say that before a person furnishing material should have an agreement with the contractor, that it would be a narrow construction of this statute. While it has been said by the Supreme Court that this statute in derogation of the common law and should be strictly construed, yet we do not believe that such a construction should be adopted as to deprive one of a remedy for the materials furnished and used in the erection of the building, if the proper notices have been given, as the statute itself by section 53 (J. & A. ¶ 7177) provides: "This act is and shall be liberally construed as a remedial act." The object and purpose of the lien law is to protect those who in good faith furnish materials for the construction of buildings, and such persons ought not by a strict construction to be deprived of this remedy. It does appear from the evidence in this case that after the contract was made between Beale and Mettlen & Company and after Beale had promised that he would pay for the materials furnished, that Mettlen & Company did give orders to appellees upon which they received payment, and that when appellees gave their first notice they referred to Mettlen & Company as subcontractors and did other things by which they recognized Mettlen & Company as subcontractors, but if they had a contract with appellant that he was to pay for the materials furnished,

the mere fact of their having recognized Mettlen & Company as subcontractors afterwards and that the goods were charged to Mettlen & Company upon the books of appellee would not necessarily deprive them of their rights under the promise of Beale to pay for the materials. *Lusk v. Throop, supra.*

There was the same conflict of evidence with reference to the promise of Beale to pay for material furnished in the claim of McEwing & Thomas Clay Products Company, but the court arrived at the same conclusion with reference to his promise in this claim as in the other, and we can see no reason for disturbing the finding of the court in this matter.

After a careful consideration of all of the evidence, facts and circumstances in this case, we are of the opinion that the Circuit Court was warranted in finding that under the agreement and conduct of the appellant that there was an implied request upon his part to furnish the building material that was furnished and used in the construction of the building, and that the appellee and the said McEwing & Thomas Clay Products Company are entitled to their lien under this statute, and the decree of the lower court is affirmed.

*Decree affirmed.*