NOVEMBER TERM, 1918.    199

Downey, Admr., *v.* Prudential Life Ins. Co.—69 Ind. App. 199.

## DOWNEY, ADMINISTRATOR, *v.* PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA.

[No. 9,428.   Filed December 24, 1917.   Rehearing denied June 26, 1918.   Transfer denied January 22, 1919.]

TRIAL.—*Instructions.—Cure by Other Instructions.*—In an action against an insurer by an administrator on a policy on the life of his intestate, which the insurer had paid to alleged assignees, an instruction that, as bearing upon the question of assignment, it was proper to consider the conduct of the insured after the date of the alleged assignment, and that, if the jury found that thereafter he did not have possession of the policy, that he knew in whose possession it was, and made no attempt to obtain it, that he did not thereafter pay, or cause to be paid, the premiums upon the policy, and that he paid no attention to whether the premiums were paid or not, and treated the possession of the policy and the payment of the premiums with indifference, the jury could attach such weight to such conduct as they might deem proper, while subject to some criticism as calling special attention to certain facts and circumstances in a way that gave them undue prominence, was not harmful to plaintiff when considered with other instructions fairly presenting the issue as to the assignment and clearly informing the jury that defendant was bound to prove the alleged assignment of the policy by a fair preponderance of the evidence, and in view of uncontradicted evidence tending to prove such assignment.

From Posey Circuit Court; *Herdis F. Clements,* Judge.

Action by John P. Downey, administrator of the estate of Morris Mack, deceased, against the Prudential Life Insurance Company of America. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*George K. Denton* and *H. T. Hardin,* for appellant.
*Joel E. Williamson, Carl J. Wilde* and *Edward E. Meyer,* for appellee.

FELT, J.—This is a suit brought by John P. Downey, administrator of the estate of Morris Mack, deceased, against the Prudential Life Insurance Company of America, to recover upon a life insurance policy. Issues were formed by the complaint, a general denial, two paragraphs of special answers, and a reply in general denial to the special answers. Trial by jury resulted in a verdict in favor of appellee, the insurance company.

Appellant's motion for a new trial was overruled, an exception reserved, judgment rendered on the verdict, and this appeal taken. The error assigned is based on the overruling of the motion for a new trial, and the only ground presented is alleged error in giving to the jury instruction No. 7 at the request of appellee.

The complaint alleges the issuance of the policy on the life of the deceased in 1886, for $500, payable to his estate upon his death; that he died in 1913; that the insured had performed all the conditions to be performed by him; that the insurance company waived the making of proofs of death.

The amended second paragraph of answer alleges that Morris Mack, the insured, in his lifetime assigned the policy in suit to Julia Murphy, by parol.

The amended third paragraph of answer is the same as the second, except it alleges that the assignment was in writing.

The evidence tends to show that the deceased lived with his daughter, Josephine Hoffman, in Evansville for about six years prior to his death; that on July 3, 1913, George K. Denton, an attorney, wrote the insurance company on behalf of Mrs. Hoffman informing it of the death of the insured on May 24, 1913, and stating that he was informed the policy was taken

NOVEMBER TERM, 1918.        201

Downey, Admr., *v.* Prudential Life Ins. Co.—69 Ind. App. 199.

out in Syracuse, N. Y., and that the premiums had been paid by parties at that place; that the original beneficiary died before the death of the insured, and one of her· sons took charge of the policy, and requested that no payment be made until he ascertained more of the facts relating to the insurance.

To this letter the company replied to the effect that it was informed that David Murphy of Syracuse, a brother-in-law of the insured, claimed the policy; that Julia Murphy held the same, and at her death gave it to her grandchild, Julia Spaulding, one of her legatees; that she had transferred it to the present claimant for a consideration.

The company sent a copy of the policy, which was offered in evidence.

The company was informed of the appointment of the administrator, and, in reply to further communications, stated it had information which showed that the policy had been assigned by the insured, was not a part of his estate, and it had therefore decided to pay same "to the proper legal claimants."

Appellee offered in evidence what purported to be a copy of an assignment of the policy by Morris Mack to Julia Murphy, and also a copy of the will of Julia Murphy, deceased, by which she devised to Michael Murphy, her son, $2,000, and to her granddaughter, Julia McCarthy (Spaulding), sometimes known as Julia Murphy, $1,000, and further provided that said bequests be paid from "certain insurance policies I now own."

Julia Spaulding testified in substance that Julia Murphy was the mother-in-law of Morris Mack, and that she held three policies on his life, one in the Prudential, one in the Metropolitan, and a paid-up policy; that the policies were taken to a law office

and brought back changed as to the payee; that her grandmother gave her the policy in suit, and the executors of her will assigned the policy to her, and thereafter she assigned it to her uncle, David Murphy.

David Murphy testified that he obtained four policies from his mother, and took them to the office of a lawyer and had assignments made out, which were executed by Morris Mack in duplicate; that he delivered a copy of each to his mother, who then had the policies in her possession.

The alleged assignment by Morris Mack to Julia Murphy was shown to be lost, and there was evidence offered to prove the fact and contents of the lost instruments; likewise to the assignment by the executors to Julia Spaulding. The policy provides that assignments must be in writing, and that the company shall not be required to notice such assignment until the original or a duplicate thereof is filed in the home office. The evidence tended to show that, after the death of Morris Mack, the assignments were sent to the home office of the Prudential Life Insurance Company, and returned by the company through the local agent at Syracuse to David Murphy, when the check in payment of the policy was delivered to him.

Under the issues and on this state of facts appellant claims the court committed reversible error in giving to the jury instruction No. 7 as follows: "As bearing upon the question of the assignment of the policy the court instructs you that it is proper for you to consider the conduct of the insured, Morris Mack, after the date of the alleged assignment. If you find from a preponderance of the evidence that Morris Mack did not have possession of the policy sued upon after the date of the alleged assignment, that he knew in whose possession the policy was, and that he made

no attempt to obtain the possession of the policy, that he did not thereafter pay, or cause to be paid, the premiums upon the policy, and that he paid no attention to whether the premiums were paid or not, that he treated both the possession of the policy and the payment of the premiums with indifference;—If you find such to have been his conduct from a preponderance of the evidence, you can attach such weight to such conduct upon his part as you may deem proper.''

Appellant contends that the instruction invades the province of the jury, by emphasizing and calling attention to particular facts and inferences favorable to appellee; that it is reversible error to single out and give undue prominence to certain facts.

Appellee says the instruction is correct; that in any view it was not harmful to appellant when considered in connection with the other instructions given; that a correct result was reached and no error is shown which will warrant a reversal.

By instruction No. 5, given at the request of appellant, the court referred to the issue of the assignment presented by the two paragraphs of amended answer, and told the jury that the burden was on the defendant to prove such assignment by a fair preponderance of the evidence; that, in the absence of any assignment of the policy, it is payable to the administrator, the plaintiff in this action; that upon the failure of defendant to prove the assignment substantially as alleged the verdict should be for the plaintiff, provided he had proved the material allegations of his complaint as stated in other instructions.

By instruction No. 6, given at the request of appellant, the court told the jury in substance that to establish an assignment by parol the policy must have been delivered to Julia Murphy with the intention on the

part of Morris Mack of transferring the title to her; that the mere possession of the policy with the consent of the insured, and the payment of the premiums thereon by Julia Murphy are not in themselves sufficient to transfer the title to the policy to her; that, unless it was proved by a fair preponderance of all the evidence that there was an intention on the part of Morris Mack to transfer the title to the policy to Julia Murphy, or unless the policy was assigned to her in writing, the verdict should be for the plaintiff if he had otherwise made out his case as stated in the instructions of the court.

Instruction No. 7 is not mandatory. If objectionable, it is on the ground that it called special attention to certain facts and circumstances in a way that gave them undue prominence and tended to lead the jury to consider them in a light favorable to appellee to the exclusion of other facts and circumstances proved in the case, and capable of an interpretation which might lead to a different conclusion.

As supporting the view of appellant, the following cases are cited: *North* v. *Jones* (1913), 53 Ind. App. 203, 209, 100 N. E. 84; *Marietta Glass Mfg. Co.* v. *Pruitt* (1913), 180 Ind. 434, 440, 102 N. E. 369; *Snyder* v. *State* (1877), 59 Ind. 105, 112; 38 Cyc 1675 *et seq.;* 1 Sackett, Instructions §§176, 188, 197, and cases cited.

The instruction is justly subject to some criticism for the reasons stated by appellant, but the court by other instructions clearly set before the jury the fact that the burden rested upon appellee to prove by a fair preponderance of the evidence that the policy was assigned by Morris Mack, as alleged in some one of the special answers, in order to defeat a recovery by plaintiff, if he had proved the material

averments of his complaint substantially as alleged. That such proof had been made was not controverted.

Considering instruction No. 7 in the light of the issues, the evidence, and the other instructions given, it was not prejudicial to appellant.

There was direct evidence tending to prove the assignments of the policy as alleged. Appellant points to circumstances that indicate some inconsistencies tending to mitigate the force of such testimony, but still leaving evidence otherwise uncontradicted, tending to prove the assignment of the policy by Morris Mack to his mother-in-law, Julia Murphy, with whom he lived for several years.

The principal controverted question in the case related to the assignment by Morris Mack of the policy in suit. This issue was fairly presented by the instructions, and the court did not commit reversible error by giving to the jury instruction No. 7 aforesaid. *Terre Haute, etc., Traction Co.* v. *Frischman* (1914), 57 Ind. App. 452, 456, 107 N. E. 296; *Majestic Life, etc., Co.* v. *Tuttle* (1915), 58 Ind. App. 98, 107 N. E. 22, 26; *Halstead* v. *Vandalia R. Co.* (1911), 48 Ind. App. 96, 99, 95 N. E. 439; *Ohio Valley Trust Co.* v. *Wernke* (1913), 179 Ind. 49, 58, 99 N. E. 734; *Hartshorn* v. *Byrne* (1893), 147 Ill. 418, 35 N. E. 622; 1 Brickwood, Sackett's Instructions §§173, 176, 178, 189-192, 197.

Judgment affirmed.