Board of Education of School District No. 108, Tazewell County, Illinois, f/u/o A. Y. McDonald Manufacturing Company, a Corporation, Plaintiff-Appellee, v. Bobby C. Collom, John Combs and Herman Wolske, a Copartnership, d/b/a United Plumbing & Heating Company, and American Casualty Company of Reading, Pennsylvania, Defendants-Appellees.

American Casualty Company of Reading, Pennsylvania, a Corporation, Cross Plaintiff and Third Party Plaintiff-Appellee, v. Bobby C. Collom, John Combs and Herman Wolske, a Copartnership, d/b/a United Plumbing & Heating Company, Cross Defendants-Appellees, and Wanda Juanita Collom, Anna Belle Combs and Betty L. Wolske, Third Party Defendants-Appellees.

Board of Education of School District No. 108, Tazewell County, Illinois, Intervening Petitioner-Appellee, v. First National Bank and Trust Company of Pekin, Illinois, Defendant-Appellant, and Silas Waalk, Trustee in Bankruptcy for Bobby C. Collom, et al., Respondents-Appellees.

Gen. No. 65–85.

Third District.

December 29, 1966.

479

E. B. Groen and Edward C. Moehle, of Pekin, for appellant.

Dent, Hampton & Doten, of Chicago, and Pratt, Heffernan & Ramseyer, of Bloomington, for appellees.

STOUDER, J.

On June 9, 1961, the Board of Education of School District 108, Tazewell County, for the use of A. Y. McDonald Manufacturing Company, commenced this action in the Circuit Court of Tazewell County against United Plumbing and Heating Company and American Casualty Company of Reading, Pennsylvania. The complaint alleged that the School District and United Plumbing had entered into a contract on May 18, 1960, for a school improvement, that United Plumbing as principal and American Casualty as surety had executed and delivered to the Board of Education, a bond assuring performance of the contract, that McDonald, under an agreement with United Plumbing, had furnished labor and materials under the school improvement contract, the last of said labor and material having been furnished on December 7, 1960, that the job was completed by United, December 8, 1960, and accepted by the School District on December 14, 1960. McDonald claimed $4,457.84 was due for the labor and ma-

terial so supplied. The complaint recites that it is filed pursuant to sections 15 and 16, chap 29, Ill Rev Stats 1959, said sections dealing with actions on contractors' bonds, and that written notice was served on the Board of Education on May 24, 1961, as required by section 15, chap 29, Ill Rev Stats 1959. In its answer to the complaint, American Casualty admitted the execution of the school improvement contract and the execution of the performance bond but denied that McDonald had supplied the materials as alleged in the complaint, and, further, set up affirmative defenses of waiver and payment.

On May 31, 1962, School District 108 filed its petition for leave to intervene reciting that although it was already a nominal Plaintiff there were other matters requiring determination by the court. The petition alleged that the School District had in its possession $2,731.17, being the balance due on the school improvement contract with United Plumbing, and that such fund was claimed by the First National Bank and Trust Company of Pekin, Illinois by virtue of an assignment, by American Casualty Company and by the Trustee in Bankruptcy of one of the partners of United Plumbing. The petition for leave to intervene was granted and the Board of Education was directed to deposit $2,731.17 with the clerk of the court to abide the order of the court.

The First National Bank filed an answer to the intervening petition and also a motion for summary judgment supported by affidavit in which it alleged that United Plumbing had assigned to the bank, funds then due or to become due under the school improvement contract, as security for an antecedent debt from United to the bank. The assignment was executed November 16, 1960, and was delivered to and accepted by the secretary of the School District on November 22, 1960.

McDonald filed a motion for summary judgment claiming that it was entitled to the $2,731.17 because of its

subcontractor status, the affidavit in support of said motion realleging the facts stated in the complaint. McDonald also filed a motion for summary judgment supported by affidavit against American Casualty Company alleging the same matters contained in the complaint and asking that judgment be entered against this Defendant in the amount of $4,457.84, the entire amount which it claimed to be due and unpaid.

On December 2, 1964, the court granted the motion for summary judgment of McDonald against American Casualty Company for the amount of $4,457.84. On January 13, 1965, the court denied the motion for summary judgment of the First National Bank, granted the motion for summary judgment of McDonald for the contract proceeds and directed that the $2,731.17 previously paid to the Clerk of the Court be paid to McDonald, providing further that such amount should be credited on the judgment against American Casualty.

The First National Bank appeals from the judgment denying its motion for summary judgment and granting the motion in favor of McDonald Company as to the proceeds from the school contract. No evidence was heard, the questions before us depending solely on the motions for summary judgment, together with the affidavits in support thereof.

Appellant, First National Bank, argues that its assignment of the contract proceeds has priority over the claims of Appellee, McDonald Company as subcontractor and Appellee, American Casualty Company as surety. Appellant argues that McDonald as a subcontractor could have perfected a mechanic's lien by following the procedure as provided in section 23, chap 82, Ill Rev Stats 1959, but that it did not, and further that the failure of McDonald to comply with and proceed under such section precludes McDonald from having or asserting any right to such fund superior to those created by the assignment. No claim is made by McDonald of compliance with or

rights arising from the Mechanics' Liens Statute, chap 82, Ill Rev Stats 1959.

■ In Alexander Lumber Co. v. Coberg, 356 Ill 49, 190 NE 99, the court stated, "Mechanics' Liens are purely statutory. They were unknown to the common law or to equity and this court has uniformly held that statutes creating such liens must be strictly construed." See also 57 CJS, Mechanics' Liens, section 1(c) and Gunther v. O'Brien Bros. Const. Co., 369 Ill 362, 16 NE2d 890. In the absence of statute or special contract provision a subcontractor supplying material or labor to a contractor is only a general creditor of such contractor. Statutes granting such subcontractor's rights against the improvement or in the proceeds of the contract are deemed to be in addition to rights of such subcontractor against the contractor. Decatur Bridge Co. v. Standart, 208 Ill App 592. It is undisputed that Appellee McDonald could have perfected its subcontractor's lien under section 23, chap 82, Ill Rev Stats 1959, by following the procedure therein described. In seeking the application of equitable principles and in support of the judgment of the court below Appellee McDonald makes no effort to justify or excuse its failure to perfect its lien but relies solely on its status as an unpaid subcontractor having supplied material and labor.

No Illinois precedent dealing with this precise issue has been called to our attention. We have been unable to find any precedent supporting Appellee's theory of an equitable lien. In our opinion Appellee's only opportunity to assert a priority over other creditors was to perfect his lien under the Mechanics' Liens Statute. Failing to do this places Appellee in the same position as other general creditors.

People v. Village of Bradley, 367 Ill 301, 11 NE2d 415, cited by Appellee does not support his contention. The funds there involved were from a special improvement levy and the court held that those funds could not be di-

verted to a purpose other than payment for such improvement. The case does not deal with the rights of unsecured subcontractors as against other creditors. We likewise do not believe that the Federal authorities relied upon by McDonald support its position nor are such Federal authorities inconsistent with our views. In such cases as Martin v. National Surety Co., 85 F2d 135, 300 US 588, and Riverview State Bank v. Wentz, 34 F2d 419, general law and general equitable principles have been applied in determining the priorities to the proceeds due on a contract for the construction of a government improvement. The decisions in such cases are predicated upon the absence of statutes dealing with the rights and priorities of contractors, subcontractors or suppliers of material or labor.

■ Appellee, American Casualty argues that the order of the trial court was proper since it in effect was based on an assignment to American Casualty, said assignment having priority in the proceeds, it being prior in time to the assignment by United Plumbing to the First National Bank. Motions for summary judgment and supporting affidavits of the First National Bank and the McDonald Company were filed in the trial court. No motion for summary judgment was made by American Casualty in the trial court pursuant to section 57, chap 110, Ill Rev Stats 1961, nor did such Appellee file any affidavits in opposition to the motions for summary judgment in accordance with Rule 101.15, chap 110, Ill Rev Stats 1961. No claim to the contract proceeds was properly presented by Appellee, American Casualty in the trial court on any theory. The decision of the trial court was based solely on the motions for summary judgment and supporting affidavits, and the sufficiency of these motions and affidavits to support the relief sought is the only issue before this court. The issue of the assignment

by American Casualty argued for the first time in this court, is not a proper matter for our consideration.

██ Having found that McDonald is not entitled to any priority in the application of the contract proceeds and there being no question of the validity of the assignment to the First National Bank and Trust Company we believe that such contract proceeds in the amount of $2,-731.17 should have been ordered paid to the bank. Since we find error in the judgment of the Circuit Court of Tazewell County said judgment is reversed and remanded with directions to proceed in accordance with the views herein expressed.

Reversed and remanded with directions.

CORYN, P. J. and ALLOY, J., concur.