A. J. DAVINROY PLUMBING & HEATING, Plaintiff-Appellee, *v.* FINIS P. ERNEST, INC., d/b/a New Memphis Sand & Gravel Company *et al.*, Defendants-Appellants.

Fifth District   No. 78-473

Opinion filed August 19, 1980.

Bernard A. Reinert, of Kenny, Leritz & Reinert, P. C., of St. Louis, Missouri, for appellants.

Charles H. Stegmeyer, of Storment & Stegmeyer, of Belleville, for appellee.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Finis P. Ernest, Inc., d/b/a New Memphis Sand and Gravel, and The American Insurance Company, defendants, appeal from a judgment entered against them in the Circuit Court of St. Clair County.

The record establishes that on June 23, 1970, defendant Finis P. Ernest, Inc., d/b/a New Memphis Sand and Gravel (hereinafter referred to as Ernest), entered into a contract with the St. Clair Housing Authority for the sale of certain parcels of improved real estate by it to the Housing Authority. The improvements on the real estate were to consist of low income housing units, which were to be constructed by Ernest on real estate owned by it. As sections of housing units were completed, they were to be sold to the St. Clair Housing Authority. The parties referred to the work to be done as a "turnkey project," indicating that the units were to be completely finished and suitable for occupancy when transferred to the Housing Authority.

Plaintiff, A. J. Davinroy Plumbing and Heating, was employed as a subcontractor by Ernest to install the kitchen and bathroom fixtures and to perform the necessary interior plumbing for such fixtures. Davinroy installed kitchen and bathroom fixtures and plumbing in 86 units before leaving the job in August of 1973. Davinroy then filed a notice of lien with the St. Clair County Recorder of Deeds pursuant to section 23 of the act relating to mechanics' liens (Ill. Rev. Stat. 1977, ch. 82, par. 23) asserting that $75,000 was still due him for work performed at the housing project. Copies of the notice were mailed to Finis P. Ernest, Inc., New Memphis Sand and Gravel, Adpem Inc., the architect for the project, and the attorney for the St. Clair Housing Authority.

Davinroy subsequently filed a suit for accounting on December 19, 1973, against Ernest. The Housing Authority has never been a party to these proceedings; however, when it became aware of the lien and the lawsuit, the Housing Authority required Ernest to obtain a lien bond in the amount of $75,000 in order to protect itself from liability on the lien. Ernest obtained a lien bond for $75,000 from The American Insurance Company (hereinafter American); and when plaintiff eventually learned of such bond, he filed an amended complaint to add a count against American as surety on the bond. After a bench trial, judgments in the amount of $72,124.62 were entered in favor of Davinroy and against Ernest and American. From these judgments, Ernest and American appeal.

On appeal, defendants contend: (1) that plaintiff did not properly perfect a lien under section 23; (2) that plaintiff failed to prove the existence of a contract between plaintiff and Ernest; (3) that plaintiff failed to prove damages by competent and admissible evidence; (4) that plaintiff waived his rights to any and all liens or rights to liens; and (5) that plaintiff was not a third-party beneficiary or obligee of the lien bond and therefore not entitled to recover under the bond.

We would note initially that in his original complaint, plaintiff alleged that the notice of lien was filed on October 19, 1973, in Book 2354, Page 1947. However, the record discloses that on motion of plaintiff, paragraph

8 of counts I and III of the complaint was amended by interlineation to read as follows:

> "8. That said plaintiff by virtue of Illinois Revised Statutes, Chapter 82, Section 23, on September 26, 1973, filed a 'Notice of Lien Upon Public Funds', Book 2354, Page 1947, a copy of which is attached hereto and marked Exhibit A. Said Lien is in the amount of Seventy-Five Thousand Dollars ($75,000) representing the balance owed on said contract with said developer."

Section 23 of the act relating to mechanics' liens (Ill. Rev. Stat. 1973, ch. 82, par. 23), the statute under which this action was brought, provides in part:

> "* * * Any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor having a contract for public improvement for any county, township, school district, city or municipality in this State, shall have a lien on the money, bonds, or warrants due or to become due the contractor having a contract with such county, township, school district or municipality in this State under such contract: Provided, such person shall, before payment or delivery thereof is made to such contractor, notify the official or officials of the county, township, school district, city or municipality whose duty it is to pay such contractor of his claim by a written notice and furnish a copy of said notice at once to said contractor. And, provided further, that such lien shall attach only to that portion of such money, bonds, or warrants against which no voucher or other evidence of indebtedness has been issued and delivered to the contractor by or on behalf of the county, township, school district, city or municipality as the case may be at the time of such notice. The person so claiming a lien shall, within 60 days after filing such notice, commence proceedings by complaint for an accounting, making the contractor having a contract with the county, township, school district, city or municipality and the contractor to whom such material, apparatus, fixtures, machinery or labor was furnished, parties defendant, and shall within the same period notify the official or officials of the county, township, school district, city or municipality of the commencement of such suit by delivering to him or them a certified copy of the complaint filed.* * *"

Thus, section 23 of the act requires that notice of lien be given to the official or officials of the public entity whose duty it is to pay the contractor engaged in the construction of the public improvement. In the case at bar, plaintiff relies on the fact that he mailed a notice of the lien to

the attorney for the St. Clair Housing Authority, and he contends that such mailing constitutes the required service of notice. The same section also provides that when a suit for accounting is commenced, the official or officials of the public entity shall be notified of its commencement by the delivery of a certified copy of the complaint within 60 days of filing the notice of lien. Plaintiff's attorney stated in an affidavit that he placed a certified copy of the complaint in the mail on December 19, 1973, 61 days from the date of filing of the notice of lien.

It is our opinion, based on the foregoing, that plaintiff has failed to comply with the procedural requirements of section 23 in three respects: (1) plaintiff failed to serve notice of the lien upon the official or officials of the St. Clair Housing Authority who were responsible for paying the contractor; (2) plaintiff's suit for accounting, having been filed more than 60 days after notice of the lien was given, was not timely filed; and (3) a certified copy of the complaint for accounting was not delivered to the proper officials of the Housing Authority within 60 days after the notice of lien was purported to have been given.

Section 23 of the act expressly requires that a suit for accounting be commenced within 60 days from the filing of the notice of lien. The record in the instant case reflects that the notice of lien was filed October 19, 1973, and that plaintiff's suit was filed on December 19, 1973. In accordance with the provisions of section 1.11 of the act relating to the construction of statutes (Ill. Rev. Stat. 1973, ch. 131, par. 1.11), 61 days expired between the date of filing the notice of lien to the date of filing of plaintiff's suit.

■■ The evidence further establishes that the chairman and the executive director of the St. Clair Housing Authority were the officials authorized to disburse funds and make purchases. Here, plaintiff mailed a copy of the notice of lien to the attorney for the Housing Authority, who was not the proper party upon whom to serve the notice of lien. Under the provisions of section 23 of the act, the filing of the notice of lien with the recorder of deeds served no purpose. Therefore, service of the notice of lien was not in compliance with the requirements of the act.

■■ Finally, a certified copy of the complaint for accounting was not served on the officials of the Housing Authority within 60 days after the notice of lien was purported to have been given as required by section 23 of the act. On the 61st day a copy of plaintiff's complaint for accounting was mailed to the attorney for the Housing Authority. However, section 23 of the act requires delivery of the copy of the complaint; and service by mail may not be substituted. (*Eastwood v. Road District No. 5* (1923), 230 Ill. App. 281; *Fannon v. City of Aurora* (1969), 106 Ill. App. 2d 408, 245 N.E.2d 286; *M.L. Ensminger Co. v. Chicago Title & Trust Co.* (1979), 74 Ill. App. 3d 677, 393 N.E.2d 663.) In addition to the improper mode

and time of service, the Housing Authority's attorney was not the proper party to serve with the certified copy of such complaint.

██ Throughout this proceeding, beginning with the allegations of paragraph 8 of the complaint, plaintiff has relied upon his filing of the notice of lien with the recorder of deeds of St. Clair County as constituting compliance with the act. This reliance is misplaced. Such filing is not provided for in section 23 of the act and serves no useful purpose. Section 23 requires service of notice of the lien on the official or officials of the St. Clair Housing Authority whose duty it is to pay the prime contractor.

The plaintiff was not in compliance with the procedural aspects of section 23 because he failed to give the prescribed notice of lien and because the suit for accounting was neither timely filed nor properly served. The court in *People ex rel. Anderson v. Village of Bradley* (1937), 367 Ill. 301, 11 N.E.2d 415, considered the contention that the failure of subcontractors to comply with the notice requirements of section 23 deprived the court of jurisdiction under the act. Our supreme court there stated:

> "The purpose of the notice, provided for by the statute, [Ill. Rev. Stat. 1935, ch. 82, par. 23], was to protect the village against any payment which it might make to the original contractor, in the absence of claims against the funds on the part of the subcontractors. [Citation.] The circuit court was not deprived of jurisdiction by the failure, if there was such failure, of the subcontractors to give the notice, as provided by section 23 of the Mechanic's Lien Act." (367 Ill. 301, 304-05, 11 N.E.2d 415, 418.)

Although this decision on occasion has been referred to in legal articles as authority for the proposition that only the public body may raise the question of sufficiency of notice, we find no case so holding. It should be noted that the court there observed that the village filed a cross-petition, making all parties who might have claims against the funds defendants to the cause. Thus, the court concluded, "[b]y this act, the village admitted it had the money, or its equivalent, and was interested only in having an adjudication as to the rights of the several parties concerned, against the fund." (367 Ill. 301, 304, 11 N.E.2d 415, 418.) As we previously have stated, the Housing Authority has never been made a party to these proceedings. To attempt to assess its attitude if it were a party would be to indulge in impermissible speculation.

██ We conclude, however, that it is not necessary that we determine whether *People ex rel. Anderson v. Village of Bradley* is authority for the proposition that the Housing Authority, and not these defendants, may raise the question of sufficiency of the notice for the reason that the record discloses that plaintiff failed to file his suit for accounting within the time

prescribed by statute. Consequently, he has failed to perfect a lien under section 23 of the mechanics' lien act.

The plaintiff urges that since the statute is remedial in nature and should be given a liberal construction, substantial compliance is all that is required, citing *Granite City Lime & Cement Co. v. Board of Education* (1916), 203 Ill. App. 134. We conclude, however, that it cannot be said that plaintiff has substantially complied with the act.

Each count of plaintiff's complaint is predicated upon the basis of plaintiff having perfected a lien under section 23 of the act relating to mechanics' liens (Ill. Rev. Stat. 1977, ch. 82, par. 23). Further, the judgments entered by the trial court in favor of plaintiff and against Ernest on counts I and II of the complaint and in favor of plaintiff and against American on count III of the complaint are based on the finding by the court that plaintiff "has complied with the provisions of Chapter 82, Illinois Revised Statute of 1977." As we have stated above, plaintiff has failed to comply with the provisions of section 23 of the act. Further, plaintiff does not urge that he had complied with the provisions of the act governing any type of lien other than the section 23 lien relating to liens against public funds; and the record fails to indicate that plaintiff has perfected a lien under any other provisions of chapter 82, Illinois Revised Statutes 1977, as found by the trial court. Therefore, we conclude that the trial court erred in finding that plaintiff has complied with the provisions of chapter 82, Illinois Revised Statutes of 1977.

Since we have determined that plaintiff has failed to perfect a lien under the mechanics' lien act, it is not necessary that we consider defendants' contention that plaintiff has waived and released any liens, claims or rights to a lien under the act.

Further, we conclude that because the condition of American's bond, upon which count III of the instant suit is predicated, is limited to the satisfaction of the Housing Authority's obligations arising out of plaintiff's claim of lien, and since we have held that no lien was perfected by plaintiff, the entry of judgment against American on count III of the complaint by the trial court was error.

■ Although plaintiff has failed to perfect a lien under the provisions of the mechanics' lien act, we are of the opinion that the trial court, having acquired jurisdiction over the subject matter and the parties, retained jurisdiction to enter the judgments against defendants. The judgment entered by the trial court against defendant Ernest was not for foreclosure of the alleged lien nor necessarily predicated on such lien. The court in *People ex rel. Anderson v. Village of Bradley* affirmed the trial court's judgment against the village and in favor of the subcontractors and the personal representative and the assignees of the contractor. The court there held that the circuit court was not deprived of jurisdiction by any

failure of subcontractors to give notice, if there was such failure, as provided by section 23 of the act. In this respect, *People ex rel. Anderson v. Village of Bradley* is dispositive of the instant case. Therefore, we conclude that the trial court in the case at bar had jurisdiction of plaintiff's suit for an accounting and the parties regardless of plaintiff having failed to perfect his lien.

Defendants argue on appeal that plaintiff failed to establish by competent evidence the contract alleged to have been entered into between him and Ernest. We reject this contention. The court, sitting without a jury, was the judge of the credibility of the witnesses and was justified in believing the testimony of Albert J. Davinroy as to conversations with Richard Sage, an officer of Ernest. Based on this belief, the court was further justified in holding that an oral contract was entered into between plaintiff and Ernest.

Defendants urge that the trial court erred in admitting into evidence plaintiff's exhibit 2, being a cost summary. We agree. Such summary is not admissible as a business record. Under Supreme Court Rule 236 (Ill. Rev. Stat. 1977, ch. 110A, par. 236), for a writing or record to be admissible as evidence of a transaction, it must be shown that such writing or record was made in the regular course of business and that it was the regular course of business to make such record at the time of the transactions to which it related or within a reasonable time thereafter.

■■ The record in the case at bar indicates the cost summary does not meet these requirements because it was not shown to have been made in the regular course of business nor was it shown to have been made at the time of the transaction or within a reasonable time thereafter. To the contrary, it was shown that the summary was not a record of original entries but that it was compiled from the records of original entries. Further, since plaintiff introduced no evidence as to the preparation and correctness of the summary other than inadmissible hearsay, the summary was not admissible into evidence. Therefore, we conclude that this cause must be reversed and remanded for a new trial as to defendant Ernest.

For the foregoing reasons, the judgments entered by the trial court in favor of plaintiff and against defendant Finis P. Ernest, Inc., d/b/a New Memphis Sand & Gravel Company, as to counts I and II of the complaint are reversed and remanded for a new trial consistent with this opinion, and the judgment in favor of plaintiff and against defendant The American Insurance Company as to count III of the complaint is reversed.

Reversed and remanded in part; reversed in part.

JONES, P. J., and HARRISON, J., concur.