MOSEMAN CONSTRUCTION
CO., Plaintiff,

v.

SHAPPERT ENGINEERING
CO., Defendant.

No. 91–3057.

United States District Court,
C.D. Illinois,
Springfield Division.

Jan. 2, 1992.

Cheryl R. Stickel, Stephen R. Kaufmann, Springfield, Ill., Terry E. Miller, Kennewick, Wash., for plaintiff.

Stanley B. Block, John A. Relias, Chicago, Ill., for defendant.

OPINION

RICHARD MILLS, District Judge:

First, can only the public body on which a public mechanic's lien has been served complain about the sufficiency of the lien?

No.

Second, does a lien for "materials and labor furnished" comply with a requirement that liens state with particularity the items and amounts that are due?

Yes.

This cause is before the Court on Defendant-contractor's motion to dismiss Plaintiff-subcontractor's complaint for an accounting for its failure to follow the statutory requirements set forth in Ill.Rev.Stat. ch. 82, ¶ 23 (1989).

Denied.

### I. *Facts*

In March, 1986, Defendant and the Illinois Department of Transportation entered into a contract under which Defendant was to construct two bridges across the Illinois River. Defendant then entered into a contract with Plaintiff whereby Plaintiff was to redesign and construct the superstructure of the two bridges. Various delays occurred during the construction of the bridge and several lawsuits have been filed as a result. Among these is the present case in which Plaintiff filed a public mechanic's lien with the State of Illinois and a complaint for an accounting under Ill.Rev. Stat. ch. 82, ¶ 23 (1989) whereby Plaintiff

seeks payment for labor performed and materials furnished.

Defendant argues that Plaintiff has failed to comply with the Public Mechanic's Lien Act because: 1) Plaintiffs "claim for a lien does not contain any statement 'showing with particularity the several items and the amount claimed to be due on each;'" 2) Plaintiff's lien is limited to labor performed and materials furnished while its complaint includes a request for damages due to delay and disruption; and 3) Plaintiff's complaint for an accounting is in fact a complaint for damages since it is seeking damages for delay and disruption rather than recovery for labor and materials.

This Court earlier found that Plaintiff's complaint for an accounting was not a complaint for damages in disguise. After performing its own research, this Court raised the question of whether Plaintiff had standing to challenge the sufficiency of the lien notice. The parties were ordered to submit briefs addressing the two visceral issues: 1) whether the contractor may complain about the sufficiency of the public lien; 2) if so, whether the subcontractor complied with the particularity requirement as defined by the Illinois courts—or by other courts in analogous cases.

## II. *Motion to Dismiss*

In ruling on a motion to dismiss, the Court "must accept the well pleaded allegations of the complaint as true. In addition, the Court must view these allegations in the light most favorable to the plaintiff." *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). Although a complaint is not required to contain a detailed outline of the claim's basis, it nevertheless "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984), *cert denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). Dismissal is not granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

## III. *Analysis*

### A. *Standing*

■ The question of whether the sufficiency of a public mechanic's lien can be challenged only by the party upon which notice must be served has not been settled by the Illinois courts. *Aluma Systems, Inc. v. Frederick Quinn Corp.*, 206 Ill. App.3d 828, 151 Ill.Dec. 618, 564 N.E.2d 1280 (1st Dist.1990). In *Pirola v. W.J. Turnes Co.*, 238 Ill. 210, 87 N.E. 354 (1909)[1], the supreme court held that the defendant-contractor to a public work's project could properly complain that the plaintiff-subcontractor failed to serve notice of its lien on the proper public officials. The court reasoned that in order for any court to rightfully decree that public money should be paid to the subcontractor rather than the contractor, the existence of an enforceable lien must be shown; therefore, the contractor has the right to present this question. *Pirola*, at 213, 87 N.E. 354.

In contrast, in *Chicago Wood Piling Co. v. Anderson*, 313 Ill.App. 242, 39 N.E.2d 702 (2d Dist.1942), the appellate court held that the defendant-contractors could not question the sufficiency of notice provided to the public agency concerning the plaintiff's lien. The court reasoned that the Public Mechanic's Lien Act was for the benefit and protection of subcontractors, not original contractors. Therefore, contractors were not the proper party to raise questions concerning proper service of process on public officials. *See also, Backs v. Nelson Constr. Co.*, 271 Ill.App. 137 (3d Dist.1933); *McMillan v. Joseph P. Casey Co.*, 231 Ill.App. 422 (3d Dist.1923), *aff'd*, 311 Ill. 584, 143 N.E. 468 (1924).

---

1. In *Pirola,* Turner Company entered into a contract with Cook County to build cottages for mental patients and Turner Company subcontracted with Pirola. When Pirola did not get paid after performing under the subcontract, he filed a public mechanic's lien with Cook County. However, there was a factual dispute as to whether plaintiff had given notice to Cook County before attempting to enforce his lien in court.

More recently, in *A.J. Davinroy Plumbing & Heating v. Finis P. Ernest, Inc.,* 87 Ill.App.3d 1047, 42 Ill.Dec. 757, 409 N.E.2d 372 (5th Dist.1980), the Illinois appeals court noted that although the supreme court's decision in *People ex rel. Anderson v. Bradley,* 367 Ill. 301, 11 N.E.2d 415 (1937) had "been referred to in legal articles as authority for the proposition that only the public body may raise the question of sufficiency of notice, we find no case so holding." *A.J. Davinroy Plumbing & Heating,* 42 Ill.Dec. at 761, 409 N.E.2d at 376. Unfortunately, the court declined to address the issue of standing because it was clear from the court's record that the plaintiff had failed to file his suit for an accounting within the prescribed statutory time period. *A.J. Davinroy Plumbing & Heating,* at 761, 409 N.E.2d at 376.

Because the Illinois courts are in conflict as to the question of standing, this Court must apply the supreme court predictive approach to rule on this question. *Green v. J.C. Penney Auto Ins. Co.,* 806 F.2d 759 (7th Cir.1986).

In Illinois, standing requires only some injury in fact to a legally cognizable interest. *Greer v. Illinois Housing Development Authority,* 122 Ill.2d 462, 120 Ill.Dec. 531, 524 N.E.2d 561 (1988). Although it has been stated that the purpose of the notice provided for in the Public Mechanic's Lien Act is to protect the public body from making payment to the original contractor in the absence of subcontractors' claims on the funds, (*See A.J. Davinroy Plumbing & Heating,* 42 Ill.Dec. at 761, 409 N.E.2d at 376.) contractors clearly have an interest in ensuring that the statutory provisions are complied with and that liens against public funds to be paid to them are legally sufficient. Furthermore, it is likely that the particularity requirement of the Public Mechanic's Lien Act was meant to aid the contractor, rather than the public body, in determining the basis of the subcontractor's claims since the subcontractor and contractor must proceed with an accounting suit before the public body can pay out on any claims.

Therefore, this Court finds that Defendant has standing to question whether Plaintiff has complied with the particularity requirement of the Public Mechanic's Lien Act or not.

### B. *The Particularity Requirement*

█ It is a "well-settled rule that the Mechanic's Lien Act must be strictly construed with reference to all requirements upon which the right to a lien depends." *Aluma Systems, Inc.,* 151 Ill.Dec. at 625, 564 N.E.2d at 1287. "However, notwithstanding the strict construction generally given to all sections of the Mechanic's Lien Act, there is authority which favors some flexibility in applying the general rules, so that the statute's provisions are not construed so technically that its remedial purpose is undermined and all but lost in the process." *Aluma Systems, Inc.,* 151 Ill. Dec. at 625, at 1287. Several of Illinois' reviewing courts indicate a willingness to consider "substantial compliance" arguments when deciding filing questions. *Aluma Systems, Inc.,* 151 Ill.Dec. at 625, at 1287.

Ill.Rev.Stat. ch. 82, ¶ 23 states in pertinent part:

> Any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor having a contract for public improvement for the State, may have a lien for the value thereof on the money, bonds or warrants due or about to become due the contractor having a contract with the State under the contract, by giving to the Director or other official, whose duty it is to let such contract, written notice of his claim for lien containing a sworn statement of the claim showing with particularity the several items and the amount claimed to be due on each....

The particularity requirement became part of the Public Mechanic's Lien Act when it was amended in 1919. Since then, there have been no Illinois decisions interpreting this provision. However, two Illinois Supreme Court decisions, prior to the 1919 amendment, which examined the sufficiency of certain mechanic's liens shed some light on the particularity requirement.

In *Crandall v. Lyon*, 188 Ill. 86, 58 N.E. 972 (1900),[2] the court stated:

[t]he statement ... to be filed with the clerk in order to meet the requirement of the statute and entitle the [claimant] to a lien, is a list or statement, in detail, of each different item of labor or material, showing the nature and kind of work done and the kind and amount of material, together with the respective dates at which the labor was performed or the material furnished. When a lien is sought on an account ... it must appear affirmatively from the face of the notice of the claim registered with the clerk that each different item of the account is that for which the statute grants the lien, and that in point of time a lien may be claimed thereon. Such notice is a prerequisite to the right of the [claimant] to a lien under the statute.

*Crandall*, at 91, 58 N.E. 972. Eight years later, in *Sorg v. Crandall*, 233 Ill. 79, 84 N.E. 181 (1908),[3] the supreme court appeared to relax the notice requirement when it stated, "[i]t was not necessary for the statement to itemize, with so great particularity as it did, the labor and materials furnished. The contract was an entire one, and the statement might properly have included all the work and materials as constituting a single item." *Sorg*, at 87, 84 N.E. 181.

In this case, Plaintiff's lien does not itemize or give any details other than stating that it is for labor performed and materials furnished. Nevertheless, this Court finds that Plaintiff's lien is sufficient. Plaintiff has complied with all other requirements of the Public Mechanic's Lien Act, and in light of the language in the *Sorg* decision, this Court finds that Plaintiff has set forth its claims with sufficient particularity to substantially comply with the Illinois Public Mechanic's Lien Act. Defendant has ample notice of Plaintiff's claim against it. Defendant can look to its subcontract with Plaintiff and engage in further discovery in order to learn the precise itemization of the labor performed and materials furnished by Plaintiff.

*Ergo*, Defendant's motion to dismiss is DENIED.

---

**2.** In *Crandall*, the plaintiff filed a mechanic's lien pursuant to the Section 4 of the Illinois mechanic's lien act, as amended in 1887, which stated, "'every ... contractor who wishes to avail himself of the provisions of this act shall file ... a just and true statement or account or demand due him, after allowing all credits setting forth the time when such material was furnished or labor performed....'" *Crandall*, at 88, 58 N.E. 972 (quoting Laws of 1887, at 219). In Plaintiff's account, he listed the days that labor and material were furnished and included the types and total cost of materials furnished. *Crandall*, at 89, 58 N.E. 972. The defendant contended that Plaintiff's account failed to comply with section 4 of the mechanic's lien act. The court agreed that Plaintiff's account was insufficient because it did not indicate how the total given on the account was composed and furthermore, there was no con-

tract between the parties which fixed the price for the plaintiff's labor and materials.

**3.** In *Sorg*, the plaintiff filed a mechanic's lien pursuant to the same act as the plaintiff in *Crandall* had done. *See supra* note 1. The plaintiff's account appeared as follows:

"1892.
June 13, Labor, Washburn 22 hrs.
  Hilton 6, Todd, 22, ...  $69.00
  17, 160 No. Whiting 02, 320 No. 8 Glue, .20
1.60   4.80
  No. 5 Umber 10, 50, 5 No. ochre 5.25, 6 No.
sienna .10 –.60   1.35"
*Sorg*, at 86, 84 N.E. 181. The *Sorg* court found plaintiff's account to be sufficient because the parties could rely on the contract executed between the parties for greater detail of the costs involved.