WALKER PROCESS EQUIPMENT *et al.*, Plaintiffs-Appellants, v. ADVANCE MECHANICAL SYSTEMS, INC., *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—95—1359

Opinion filed June 28, 1996.

453

HOURIHANE, J., specially concurring.

Howard B. Levy, of Law Offices of Howard B. Levy, of Chicago, for appellant.

Roger L. Price and Andrew M. Slobodien, both of D'Ancona & Pflaum, of Chicago, for appellees.

JUSTICE COUSINS delivered the opinion of the court:

Plaintiff, Walker Process Equipment (Walker), filed a complaint against Advance Mechanical Systems, Inc. (Advance), seeking: (1) an accounting pursuant to section 23 of the Mechanics Lien Act (770 ILCS 60/23 (West 1992)); (2) relief pursuant to the Public Construction Bond Act (30 ILCS 550/1 et seq. (West 1992)); and (3) relief for a breach of contract. Advance filed a motion to dismiss count I of the complaint, which the trial court granted on March 15, 1995. On appeal, Walker contends that the trial court erred in granting Advance's motion because count I stated a cause of action under the Mechanics Lien Act.

BACKGROUND

On October 28, 1992, Advance entered into a contract with the Metropolitan Water Reclamation District of Greater Chicago (Metropolitan Water Reclamation District) to furnish all labor, materials,

tools and equipment necessary to construct the water gas burners' improvements at the Stickney Water Reclamation Plant in Stickney, Illinois. Subsequently, Advance issued to Walker a purchase order for $69,000 for four collector arms to be incorporated into the water gas burners' improvements. Walker furnished the collector arms and Advance paid Walker $31,050, leaving a balance of $37,950.

On September 1, 1993, Walker served a verified notice, entitled "Affidavit of Claim" on the Metropolitan Water Reclamation District, Federal Insurance Company, and Advance. The notice set forth that "this affidavit is made to induce the Federal Insurance Company, as Surety, on a bond covering the above mentioned contract, to settle the claim herein set forth."

On June 29, 1994, Walker personally served the clerk of finance of the Metropolitan Water Reclamation District and Advance a notice entitled "Notice of Mechanic's [sic] Lien Claim Pursuant to 770 ILCS 60/23." This notice set forth a mechanics lien claim on all money, bonds and warrants due, or to become due, under the contract between Advance and the Metropolitan Water Reclamation District. On September 27, 1994, Walker filed a three-count complaint. Count I sought an accounting pursuant to section 23 of the Mechanics Lien Act. Count II sought relief pursuant to the Public Construction Bond Act, and count III sought relief for breach of contract.

On December 20, 1994, Advance filed a motion to dismiss count I of Walker's complaint pursuant to section 2—615 of the Illinois Code of Civil Procedure. 735 ILCS 5/2—615 (West 1992). After a hearing, the trial court granted Advance's motion to dismiss. Walker appealed. We reverse and remand.

ANALYSIS

■ Walker's sole contention is that the trial court erred in dismissing count I of the complaint because the complaint stated a cause of action under the Mechanics Lien Act. 770 ILCS 60/1 et seq. (West 1992). At issue in this case is section 23(b) of the Mechanics Lien Act, which states in part:

"(b) Any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor having a contract for public improvement for any *** city, municipality or municipal corporation in this State, shall have a lien for the value thereof on the money, bonds, or warrants due or to become due the contractor having a contract with such *** municipality or municipal corporation in this State under such contract. Provided, such person shall, before payment or delivery thereof is made to such contractor, notify the clerk or secretary *** of the *** city,

municipality or municipal corporation of his claim by a written notice and furnish a copy of said notice at once to said contractor. The person claiming such lien may cause notification and written notice thereof to be given either by sending the written notice (by registered or certified mail, return receipt requested, with delivery limited to addressee only) to, or by delivering the written notice to the clerk or secretary *** of the *** city, municipality, or municipal corporation; and the copy of the written notice which the person claiming the lien is to furnish to the contractor may be sent to, or delivered to such contractor in like manner. *** Failure to commence proceedings within 90 days after giving notice of lien pursuant to this subsection shall terminate the lien ***." 770 ILCS 60/23(b) (West 1992).

We note that the lien created by this section is not on the improvements for which the work and materials were furnished but, rather, upon the public funds due and owing the contractor at the time the lien is perfected. *Board of Library Trustees v. Cinco Construction, Inc.*, 276 Ill. App. 3d 417, 421-22, 658 N.E.2d 473 (1995); *McMillan v. Joseph P. Casey Co.*, 311 Ill. 584, 587-88, 143 N.E.2d 468 (1924).

■ It is settled law that the rights created by the Mechanics Lien Act are in derogation of the common law and are to be strictly construed. *Norman A. Koglin Associates v. Valenz Oro, Inc.*, 277 Ill. App. 3d 142, 146-47, 659 N.E.2d 971, 975 (1995); *Board of Education of School District No. 108 v. Collom*, 77 Ill. App. 2d 479, 483, 222 N.E.2d 804 (1966). Strict compliance with the provisions of the Act upon which the right to a lien is based is therefore necessary. *Board of Library Trustees*, 276 Ill. App. 3d at 425. However, notwithstanding the strict construction generally given to all sections of the Mechanics Lien Act, there is authority that favors some flexibility in applying the general rules, so that the statute's provisions are not construed so technically that its remedial purpose is undermined and all but lost in the process. Thus, Illinois courts have considered "substantial compliance" arguments when deciding filing questions. *Aluma Systems, Inc. v. Frederick Quinn Corp.*, 206 Ill. App. 3d 828, 840, 564 N.E.2d 1280 (1990).

An instructive case is *Mass Transfer Inc. v. Vincent Construction Co.*, 223 Ill. App. 3d 746, 585 N.E.2d 1286 (1992). There, the plaintiff-subcontractor filed a claim for a public lien against the general contractor and the municipality of Anna, Illinois, pursuant to section 23. Plaintiff's initial notice of claim for lien was not in compliance with section 23 because the notice was sent by regular mail and the statute requires that the notice be delivered by means other than regular mail. Subsequently, plaintiff sent another notice by certified

mail. Plaintiff's case was dismissed, and on appeal, the general contractor argued that because the initial notice of lien was improper, the subsequent notice was void. The appellate court disagreed. The court noted that the prohibition against filing subsequent notices of lien comes into play where one fails to commence proceedings within 90 days after giving notice of lien pursuant to section 23. The court concluded that because the initial notice of lien was not given pursuant to the statute, the effect of the statutory provision did not come into play. Furthermore, the court held that because the complaint was filed within 90 days after the notices were sent by certified mail, plaintiff complied with the statutory time limitation. The general contractor also argued that the notice of claim for the lien was defective because it was not given to the city official whose duty it was to pay the contractor. Instead, plaintiff sent the notice to the city treasurer. However, the court stated that plaintiff had acted in good faith in serving notice upon the city treasurer, especially since that office was one of four with authority to execute checks. Thus, the court held that plaintiff had substantially complied with the statutory notice requirements. See also *Board of Library Trustees v. Cinco Construction, Inc.*, 276 Ill. App. 3d 417, 658 N.E.2d 473 (1995); *Moseman Construction Co. v. Shappert Engineering Co.*, 780 F. Supp. 1218 (C.D. Ill. 1992).

In its motion to dismiss, Advance argued that Walker's September notice substantially complied with the Mechanics Lien Act and Walker's failure to commence proceedings within 90 days after the notice terminated the lien. Walker served an "Affidavit of Claim" on Advance and the Metropolitan Water Reclamation District of Greater Chicago on September 1, 1993. Walker's affidavit of claim names Advance as the debtor, lists Metropolitan as the project where services were provided, and sets forth that this affidavit is made to "induce the Federal Insurance Company, as Surety, on a bond covering the above mentioned contract, to settle the claim herein set forth." The affidavit describes the materials, but omits the dates when the materials were delivered. The affidavit indicates that on September 1, 1993, notices were given to the surety, owner, and principal. The affidavit of claim itself does not refer to the clerk of the Metropolitan Water Reclamation District. However, section 23 requires that a notice be sent to the clerk of the municipality.

Walker argues that the 1993 affidavit was not drawn to provide notice under the Mechanics Lien Act, but was clearly drawn for the *purpose* of complying with the Public Construction Bond Act (Bond Act) (30 ILCS 550/1 *et seq.* (West 1992) (formerly "An Act in relation to bonds of contractors entering into contracts for public works," Ill.

Rev. Stat. 1985, ch. 29, par. 15 *et seq.*)). We agree. The Bond Act provides in relevant part:

"§ 1. All officials, boards, commissions or agents of this State, or of any political subdivision thereof in making contracts for public work of any kind to be performed for the State, or a political subdivision thereof shall require every contractor for such work to furnish, supply and deliver a bond to the State, or to the political subdivision thereof entering into such contract, as the case may be, with good and sufficient sureties." 30 ILCS 550/1 (West 1992).

"§ 2. Every person furnishing material or performing labor, either as an individual or as a sub-contractor for any contractor, with the State, or a political subdivision thereof where bond or letter of credit shall be executed as provided in this Act, shall have the right to sue on such bond or letter of credit in the name of the State, or political subdivision thereof entering into such contract *** for his use and benefit ***. Provided, however, that any person having a claim for labor, and material as aforesaid shall have no such right of action unless he shall have filed a verified notice of said claim with the officer, board, bureau or department awarding the contract, within 180 days after the date of the last item of work or the furnishing of the last item of materials, and shall have furnished a copy of such verified notice to the contractor within 10 days of the filing of the notice with the agency awarding the contract.

The claim shall be verified and shall contain (1) the name and address of the claimant; the business address of the claimant within this State ***; (2) the name of the contractor for the government; (3) the name of the person, firm or corporation by whom the claimant was employed or to whom he or it furnished materials; (4) the amount of the claim; (5) a brief description of the public improvement sufficient for identification.
***

Provided, further, that no action shall be brought until the expiration of 120 days after the date of the last item of work or the furnishing of the last item of materials ***." 30 ILCS 550/2 (West 1992).

In deciding the sufficiency of the notice of lien, we are not bound by the allegations of Walker's complaint regarding the sufficiency of the notice of lien, but may consider the notice itself, together with allegations of facts pertaining to the sufficiency of the notice and its service. *Wilbur Waggoner Equipment Rental & Excavating Co. v. Johnson*, 33 Ill. App. 3d 358, 361, 342 N.E.2d 266 (1975). In this case, it is clear that Walker intended that the September notice serve as notice under the Bond Act. While Advance argues that intent does not control, intent is a factor that can be considered.

■ First, Walker fulfilled the requirements of the statute by filing the complaint 120 days after Walker furnished the last item of the equipment under the subcontract. Second, the affidavit of claim lists: (1) Walker Process as the claimant; (2) Advance Mechanical Systems, Inc., as the contractor; (3) Metropolitan Water Reclamation District as the project that used its materials; (4)$37,950 as the amount of the claim; and (5) a description of the materials claimed as one lot of truss arms. Also, a letter dated September 1, 1993, that was attached to the affidavit of claim states: "This letter, with attached Affidavit of Claim is to formally advise Federal Insurance Company, its Principal, and the Owner of our claim in the amount of $37,950.00 on the above referenced project, an amount past due with respect to agreed upon payment terms." A carbon copy of this letter was sent to Advance Mechanical Systems, Inc., and the Metropolitan Water Reclamation District. Furthermore, Walker's corporate accountant, Lorraine Rock, who prepared the affidavit of claim and letter, stated in an affidavit dated January 16, 1995, that she intended the affidavit of claim "to be a notice of claim pursuant to section 2 of the Public Construction Bond Act, 30 ILCS 550/2."

Advance contends, however, that because the September notice substantially complied with the Mechanics Lien Act, notice under the Bond Act was irrelevant. We disagree. Unlike section 23 of the Mechanics Lien Act, which limits the amount of a claimant's recovery to the sum still due its immediate contractor at the time the notice of lien is served, the recovery under the Bond Act is limited only by the total amount of the bond, which is provided by a surety. *Aluma*, 206 Ill. App. 3d at 854. While notice requirements for the Bond Act can satisfy the notice requirements under the Mechanics Lien Act (see *Aluma*, 206 Ill. App. 3d at 834 (where plaintiff sent a notice for "Claim for Lien on Public Funds and on Bond")), the Bond Act provides an alternative remedy to that afforded by the Mechanics Lien Act. *City of Chicago ex rel. Charles Equipment Co. v. United States Fidelity & Guaranty Co.*, 142 Ill. App. 3d 621, 626, 491 N.E.2d 1269 (1986); *Decatur Housing Authority v. Christy-Foltz, Inc.*, 117 Ill. App. 3d 1077, 1081 (1983).

Although notice requirements under the Bond Act can satisfy the notice requirements under the Mechanics Lien Act, and although intent may not control, based upon the facts in the instant case where the subcontractor indicates that the notice is served to affect the surety on the bond, but not the mechanics lien, we hold that the subcontractor's intent does control. In the instant case, Walker's intent to make a claim under the Bond Act and not under the Mechanics Lien Act is evidenced by the parties named in the affida-

vit of claim, together with the proviso that the affidavit is made to "induce the *** Surety *** to settle." Also, the clerk of the Metropolitan Water Reclamation District was not designated for service. Additionally, the September 1, 1993, letter attached to the affidavit of claim was directed to the surety.

Advance further argues that the June notice was invalid because it constituted improper subsequent notice under the Mechanics Lien Act. Advance relies on the provision of the statute that states that "no subsequent notice of lien may be given for the same claim." 770 ILCS 60/23(b) (West 1992). Because we conclude that the September 1, 1993, "Affidavit of Claim" was not notice under the Mechanics Lien Act in the instant case, we hold that the June 29, 1994, notice did not constitute improper subsequent notice under the Mechanics Lien Act. We further hold that the June 29, 1994, notice constituted proper notice under the Mechanics Lien Act.

■ Advance also argues that Walker lacks standing to challenge the propriety of the September notice because Walker is not a public body. This issue was not raised at trial or in Advance's motion to dismiss. An argument presented for the first time on appeal is not a proper matter for our consideration. Therefore, this argument is waived. See *Lake County Trust Co. v. Two Bar B, Inc.*, 238 Ill. App. 3d 589, 600, 606 N.E.2d 258 (1992). Even were the issue of standing not waived, this argument by Advance is not compelling. Current law demonstrates a direction toward allowing the sufficiency of a notice to be challenged by parties other than the public body. In *A.J. Davinroy Plumbing & Heating v. Finis P. Ernest, Inc.*, 87 Ill. App. 3d 1047, 409 N.E.2d 372 (1980), the court stated that although the supreme court's decision in *People ex rel. Anderson v. Village of Bradley*, 367 Ill. 301, 11 N.E.2d 415 (1937), "had been referred to in legal articles as authority for the proposition that only the public body may raise the question of sufficiency of notice, we find no case so holding." *A.J. Davinroy Plumbing & Heating*, 87 Ill. App. 3d at 1052. Also, in *Moseman Construction Co. v. Shappert Engineering Co.*, 780 F. Supp. 1218 (C.D. Ill. 1992), a district court stated that contractors clearly have an interest in ensuring that the statutory provisions are complied with and that liens against public funds to be paid to them are legally sufficient. Therefore, the court held that contractors have standing to question whether the plaintiff has complied with the particularity requirement of the Mechanics Lien Act. *Moseman Construction Co.*, 780 F. Supp. at 1220.

For the reasons stated herein, the order of the circuit court of Cook County granting Advance's motion to dismiss count I of

Walker's complaint is reversed and we remand for further proceedings consistent with this opinion.

Reversed and remanded.

GORDON, J., concurs.

JUSTICE HOURIHANE, specially concurring:
The majority opinion holds that, under the facts present here, the lienor's intent controls and, thus, the September 1, 1993, notice did not constitute a claim under section 23 of the Mechanics Lien Act. 770 ILCS 60/23 (West 1994). While I agree in the ultimate result that the majority reaches, I do not agree that the subjective intent of the lienor is a factor that should be considered by the court.

As the majority recognizes, a single claim notice may, in some circumstances, constitute sufficient notice under both the Mechanics Lien Act and under the Public Construction Bond Act. See *Aluma*, 206 Ill. App. 3d at 834. The two statutes, however, provide different remedies, and a lien claimant may file a lien under one or both of the statutes, either jointly or severally. The validity of a claim notice under either statute must therefore be determined with reference to the statutory requirements. Contrary to the majority opinion, a determination of the claimant's subjective intent is not contemplated by either statute. Thus, Walker's intent is not controlling here. Rather, the more relevant inquiry is whether, under the facts present here, it was reasonable for Advance to construe the September 1 notice as a claim under the Mechanics Lien Act.

The language Walker employed in its September 1 notice plainly states that it "is made to induce the Federal Insurance Company, as Surety, on a bond covering the [subject] contract, to settle the claim herein set forth." Although neither the Mechanics Lien Act nor the Public Construction Bond Act requires that the claim notice be denominated as a claim under the particular act, where, as here, the lien claimant has plainly identified the purpose of the notice, the recipient is not free to disregard such designation. Accordingly, if the lienor's intent is to be considered at all, it is only the objective manifestation of that intent which is important in construing the validity of a notice. Consideration should not be given to affidavits setting forth a lienor's subjective intent.

Further, under Advance's "substantial compliance" argument, a claimant could never file a notice under the Bond Act without it also being construed as notice under the Mechanics Lien Act. Such a result would effectively deprive a claimant, like Walker, of its right

to elect which remedy to pursue at what point in time. This cannot be what the legislature intended.

In *Aluma*, on which Advance relies, the subject notice was clearly labeled, "Notice of Claim for Lien on Public Funds and on Bond." The question of substantial compliance dealt only with the party to whom notice was sent. Nowhere in the *Aluma* opinion did this court imply that "substantial compliance" could or should be used to defeat a claim under the Mechanics Lien Act because a prior notice, made pursuant to the Public Construction Bond Act, "substantially complied" with the Mechanics Lien Act. Indeed, the whole notion of "substantial compliance" is to prevent a forfeiture of a lien for reasons of defective service or otherwise so that the remedial purposes of the Act are not frustrated. See *Aluma*, 206 Ill. App. 3d at 847. It is not intended, as Advance would argue, to facilitate a forfeiture.

Additionally, the record is devoid of any reference to action Advance took or failed to take in reliance on its conclusion that Walker's September 1 notice was made under the Mechanics Lien Act. Nor has Advance argued that it was otherwise somehow prejudiced. Similarly, there is no information that the Metropolitan Water Reclamation District treated Walker's September notice as a claim for lien under the Mechanics Lien Act. In *Aluma*, the municipality, upon receipt of the notice in question, reserved the amount claimed.

Under the facts present here, Advance could not reasonably construe the September 1 notice as a claim for lien under the Mechanics Lien Act, where the notice clearly indicated a lien under the Public Construction Bond Act. Accordingly, this court need not look to other extrinsic documents relating to Walker's subjective intent to determine the validity of the September 1 notice.