**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200011-U

Order filed February 18, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| JEFFERSON CAPITAL SYSTEMS, LLC, | ) | Appeal from the Circuit Court |
| | ) | of the 14th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Rock Island County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-20-0011 |
| | ) | Circuit No. 18-AR-74 |
| VAN S. GARRETT, | ) | |
| | ) | |
| Defendant-Appellant. | ) | Honorable Carol M. Pentuic, |
| | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the judgment of the court.
Justices Holdridge and Lytton concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court erred in denying defendant's motion to quash but did not err in denying defendant's request for relief under 735 ILCS 5/12-817 (West 2018).

¶ 2    Plaintiff, Jefferson Capital Systems, LLC (JCS), sought to enforce a judgment against defendant, Van Garrett, through a wage deduction. Garrett moved to quash the summons issued upon his employer claiming JCS failed to comply with the requirements of the statute. He also sought damages alleging JCS wrongfully caused the summons to issue. The circuit court denied

the motion to quash and found the summons was not wrongfully issued. We affirm in part, reverse in part, and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4        JCS obtained an *ex parte* default judgment through arbitration proceedings against Garrett in the amount of $18,627.70. JCS pursued the default judgment by filing for a wage deduction. A wage deduction summons issued and was served upon Garrett's employer. Through counsel, Garrett moved to quash the wage deduction summons. He also sought damages, costs, and attorney fees from JCS for wrongfully causing a summons to issue pursuant to section 12-817 of the Code of Civil Procedure (Code) (735 ILCS 5/12-817 (West 2018)).

¶ 5        Garrett filed a brief in support of his motion. He argued that wage deduction proceedings are in derogation of the common law and require strict compliance before obtaining a remedy. Under the statutory scheme, the judgment creditor seeking the wage deduction summons must first certify in an affidavit that the wage deduction notice was mailed by first class mail to the judgment debtor at their last known address. See *id.* § 12-805. Garrett then directed the court's attention to the "affidavit of wage deduction summons" filed in this matter by JCS. Specifically, the certification of mailing states that under penalty of law as provided by section 1-109 of the Code (*id.* § 1-109), counsel for JCS certified that he "mailed by regular first-class mail a copy of the Wage Deduction Notice to Defendant at the address shown above[.]" Directly above the certification was a field labeled "Defendant's Address." The field was blank.

¶ 6        The court held a hearing on the motion. Garrett reiterated his arguments advanced in the supporting brief. JCS admitted that the address field above the certification was blank but argued that because Garrett's last known address appeared on a prior page the error was "corrected." In regard to the wrongful issuance of the summons, JCS argued that the omission of the address did

not make the issuance wrongful. In light of what JCS characterized as a lack of appellate court clarification on the subject, JCS instead argued such a characterization was reserved for situations where there was no judgment against the defendant, the judgment was expired or overturned, or in the event the defendant had filed for bankruptcy.

¶ 7    At the conclusion of arguments, the circuit court issued an oral ruling. The court found that there was a valid underlying judgment against Garrett and the argument that JCS wrongfully issued the summons was "spurious." This was not a case where there was a bankruptcy or a satisfaction of the underlying judgment against the defendant.

¶ 8    When deciding whether to quash the summons, the court stated that there was a proof of service in the file showing Garrett was served with the wage deduction notice. Further, regardless of the certification error, even if the court granted the motion to quash JCS would just refile and correct the error. Since the last known address of Garret was present on a different page, any error was "*de minimis*."

¶ 9    This appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11    Before this court, Garrett repeats the same arguments as below. First, that a wage deduction is in derogation of the common law, ergo strict compliance with the statute is required. Second, the summons was wrongfully issued entitling him to recover costs, fees, and damages. JCS has not filed a responsive brief in this matter. As such, we review this appeal pursuant to the standards set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976). In this matter, the record is simple and the claimed error is such that we can easily decide the matter without the aid of an appellee's brief. *Id.* at 133.

¶ 12        Initially, we note that we have scoured the record for the proof of service mentioned by the lower court evidencing Garrett received the wage deduction notice. However, the record fails to disclose such service. The only proof of service upon Garrett is for the initial arbitration proceedings that resulted in a default judgment. Then there is an affidavit of summons evidencing service upon Garrett's employer, not Garrett. We are unable to find the proof of service the court relied on and, of course, JCS offers no direction. As a result, we must find the court's statement that Garrett was served with the wage deduction notice erroneous.

¶ 13        We now turn to Garrett's argument that the failure to quash the summons was error. The wage deduction scheme of this state is a creature of statute. *First Finance Co. v. Pellum*, 62 Ill. 2d 86, 91 (1975). To maintain an action under the scheme, there must be a valid judgment and the judgment creditor must meet all of the requirements set forth in the statute. *Collection Professionals, Inc. v. Logan*, 296 Ill. App. 3d 959, 963 (1998). Being in derogation of the common law, the statute is strictly construed and strict compliance is required. See, *e.g.*, *In re Illinois Bell Switching Station Litigation*, 161 Ill. 2d 233, 240 (1994) ("Statutes in derogation of the common law are to be strictly construed in favor of persons sought to be subjected to their operation."); *Westcon/Dillingham Microtunneling v. Walsh Construction Co. of Illinois*, 319 Ill. App. 3d 870, 877 (2001) (interpreting statutory remedies under the Mechanics Lien Act and finding "because the rights created are statutory and in derogation of common law, the technical and procedural requirements necessary for a party to invoke the protection of the Act must be strictly construed").

¶ 14        In obtaining a wage deduction order, the Code provides for the issuance of a summons against the employer. 735 ILCS 5/12-805 (West 2018). Section 12-805 prescribes the procedure one must follow for a wage deduction summons to issue. Among other requirements, there must be "a certification by the judgment creditor or his attorney that, before filing the affidavit, the wage

deduction notice has been mailed to the judgment debtor by first class mail at the judgment debtor's last known address[.]" *Id.* Once the judgement creditor satisfies the requirements of the statute, the clerk of the court issues a summons upon the employer. *Id.*

¶ 15  Here, JCS failed to satisfy a statutory requirement by certifying that it mailed the wage deduction notice to Garrett at his last known address. As noted, the certification stated JCS mailed the notice to the address listed above. Above the certification line is a blank field where Garrett's address should be. Given the failure to comply with statutory strictures, the lower court erred in denying the motion to quash the wage deduction summons. JCS failed to provide any evidence that it actually mailed the notice to Garrett or that he had received the notice. On the facts of this case, JCS failed to comply with the statute and the record does not support an argument for substantial compliance. See *Walker Process Equipment v. Advance Mechanical Systems, Inc.*, 282 Ill. App. 3d 452, 455 (1996) (noting that courts have been willing to consider substantial compliance arguments despite strict construction of the procedural provisions of the Mechanics Lien Act where a technical construction would undermine its purposes). Failure to comply with a requirement as laid out in the statute was not *de minimis*.

¶ 16  As a public policy consideration, allowing the practice of filing incomplete documentation in order to obtain a wage deduction summons places the employer of the judgment debtor in an unenviable position. An employer should not have to second guess whether the judgment creditor satisfied the procedural requirements to obtain the summons. We need not add to the worries of employers in this state by requiring they speculate whether a facially deficient wage deduction notice can serve as a basis for a wage deduction summons.

¶ 17  Nevertheless, we agree with the lower court's ruling that these circumstances are insufficient to constitute a wrongful issuance of summons. JCS was correct in its assertion below

that the case law defining what constitutes a wrongful issuance of summons is scarce. The statute on point lays out that,

> "If any person wrongfully causes summons to issue for a deduction order, he or she shall be liable to the employee and the employer for all damages occasioned by such action including reasonable attorney's fees, which damages or attorney's fees may be proved in the same action in which the summons was wrongfully issued." 735 ILCS 5/12-817 (West 2018).

¶ 18　　In this case, there is a valid underlying judgment on which JCS is attempting to collect. "[I]t is clear that an objective of the statute is protection of judgment debtors from deductions of wages exceeding that necessary to satisfy the judgments against them." *Wiley v. Howard*, 180 Ill. App. 3d 721, 723 (1989). Garrett does not argue that he has satisfied the judgment against him, that he has filed for bankruptcy, or that he is not the individual whom the underlying judgment is pending against. The issuance of a summons in this case is not unfair nor would it work an injustice. upon Garrett as he owes the debt. JCS is entitled to pursue a wage deduction as an enforcement of the judgment against Garrett. We do not believe the circumstances as presented suffice to obtain the relief sought by Garrett under section 12-817.

¶ 19　　Accordingly, we affirm the denial of relief sought for the wrongful issuance of summons, reverse the denial of the motion to quash, and remand to the trial court with directions to quash the summons.

¶ 20　　　　　　　　　　　　　　　III. CONCLUSION

¶ 21　　For the foregoing reasons, we affirm in part and reverse in part the judgment of the circuit court of Rock Island County. We remand with directions.

¶ 22　　Affirmed in part and reversed in part.

¶ 23    Cause remanded with directions.